**Freddy CARMONA, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 04–4994–OP.**

United States Court of Appeals, Second Circuit.

Submitted: Sept. 21, 2004.

Decided: Nov. 29, 2004.

Freddy Carmona, Loretta, PA, pro se.

Paul Schoeman, Brooklyn, NY, for appellee.

Before: JACOBS, SOTOMAYOR, and HALL, Circuit Judges.

PER CURIAM.

Freddy Carmona, *pro se* and incarcerated, moves in this Court for authorization to file a second or successive § 2255 petition, challenging his 1999 federal court convictions for: (1) conspiring to distribute, and to possess with intent to distribute, cocaine, in violation of 21 U.S.C. § 846, and (2) resisting arrest with the use of a dangerous weapon, in violation of 18 U.S.C. § 111(b). The single claim for relief raised in this, Carmona's second application, is based on the rule articulated in *Blakely*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), which held that the relevant statutory maximum sentence a judge may impose is that based on *"facts reflected in the jury verdict or admitted by the defendant,"* —— U.S. at ——, 124 S.Ct. at 2537 (emphasis in original), and not based on additional fact-finding by a judge. Carmona claims that the trial court violated his Sixth Amendment rights under *Blakely* because the district court increased his sentence for obstructing justice and possessing a weapon without those facts being found beyond a reasonable doubt by a jury.

Under the Anti–Terrorism and Effective Death Penalty Act of 1996

("AEDPA"), a district court cannot consider a successive habeas corpus petition challenging a state court conviction unless the petitioner has first obtained an order authorizing consideration of the successive petition from this court. *See* 28 U.S.C. § 2244(b)(3). Title 28 U.S.C. § 2255 ¶ 8 makes this authorization requirement applicable to second or successive motions attacking federal criminal convictions as well. A motion will be regarded as second or successive if a previous habeas petition filed by the movant challenged the same conviction or sentence and was adjudicated on the merits or dismissed with prejudice. *Corrao v. United States,* 152 F.3d 188, 191 (2d Cir.1998). In January 2001, Carmona filed a § 2255 motion, challenging the same conviction as the present application, and asserting eight claims for relief. *See Carmona v. United States,* 2001 WL 761169 (E.D.N.Y. Apr.25, 2001). The district court denied Carmona's motion as meritless, *id.* at *5, and declined to issue a certificate of appealability. No. CV 01–0286. Thus, Carmona's current application is second or successive.

■ An applicant may not raise a new claim in a second or successive § 2255 motion unless he can show that: (1) his claim is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court"; or (2) "the factual predicate for the claim could not have been discovered previously

through the exercise of due diligence," and "the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B). Carmona admits that his application does not rely on newly discovered evidence. Therefore, we must determine whether the rule articulated in *Blakely,* the only ground upon which Carmona bases his application, is a new rule of constitutional law that the Supreme Court has made retroactive on collateral review.

In *Tyler v. Cain,* 533 U.S. 656, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001), the Supreme Court considered retroactivity in regard to second or successive petitions and clarified that a rule of constitutional law only applies retroactively on collateral review if "the Supreme Court holds it to be retroactive." *Id.* at 663, 121 S.Ct. 2478. *Blakely* itself stated nothing about its retroactivity. To date, the Supreme Court has not, in any other case, announced *Blakely* to be a new rule of constitutional law,[1] nor has the Court held it to apply retroactively on collateral review. Therefore, this Court will not consider granting authority to file second/successive petitions based on *Blakely* until the Supreme Court makes *Blakely* retroactive on collateral review.[2]

---

**1.** The *Blakely* Court specifically stated that *Blakely* was a decision applying the rule articulated in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *Blakely,* — U.S. at —, 124 S.Ct. at 2536. *Apprendi* held that the rule that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348, is not a new rule of constitutional law. *Id.* Logically, therefore, the Supreme

Court has not stated an intent to hold *Blakely* to be a new rule of constitutional law.

**2.** On October 4, 2004, the Supreme Court heard arguments in *United States v. Booker,* — U.S. —, 125 S.Ct. 11, 159 L.Ed.2d 838, 2004 WL 1713654 (cert. granted Aug. 2, 2004), and *United States v. Fanfan,* — U.S. —, 125 S.Ct. 12, 159 L.Ed.2d 838, 2004 WL 1713655 (cert. granted Aug. 2, 2004), considering *Blakely*'s effect on the Federal Sentencing Guidelines. Although the decision in *Booker* and *Fanfan* is still pending, neither that decision, nor any future developments

*Cf. Simpson v. United States,* 376 F.3d 679, 681–82 (7th Cir.2004) (dismissing application for leave to file successive collateral attack because "[t]he Supreme Court has not made the *Blakely* rule applicable to cases on collateral review as is required for authorization under § 2244(b)(2)(A) and § 2255 ¶ 8(2)."). Because Carmona is unable to meet the burden articulated in § 2255 ¶ 8, his application to file a second or successive motion is denied.

from the Supreme Court in regard to *Blakely,* undermine the principle that *Blakely* has not yet been made retroactive on collateral review.