**Donald G. GREEN, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 04–6564.

United States Court of Appeals, Second Circuit.

Submitted: Jan. 31, 2005.

Decided: Feb. 2, 2005.

Donald G. Green, Minersville, PA, for petitioner, pro se.

William J. Hochul, Jr., Buffalo, NY, for respondent.

Before: POOLER and F.I. PARKER, Circuit Judges, and CASTEL, District Judge.*

PER CURIAM.

Donald G. Green, *pro se* and incarcerated, moves in this Court for authorization to file a second or successive petition pursuant to 28 U.S.C. § 2255, challenging his 1994 federal court sentences for convictions on numerous counts related to racketeering and narcotics trafficking. Green was sentenced under the Federal Sentencing Guidelines ("Guidelines") to four life terms plus 110 years, based in part on sentence-enhancing factors which were found by the district court. Green's application for leave to file a second or successive motion asserted that his sentence was unconstitutional under *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and further requested that this Court consider the constitutionality of his sentence in light of any new rules articulated in the then-pending decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

*Blakely* held that the Sixth Amendment prohibits sentences greater than "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." —— U.S. at ——, 124 S.Ct. at 2537 (emphasis omitted). In *Booker*, the Supreme Court held that the system of enhancements established by the Guidelines violated the Sixth Amendment as con-

strued in *Blakely*. *See* —— U.S. at —— ——, 125 S.Ct. at 749–50. To solve this problem, the Supreme Court excised the provision of the Sentencing Reform Act that had made the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), rendering the Guidelines effectively advisory. *Booker*, —— U.S. at —— – ——, 125 S.Ct. at 756–57. In light of these holdings, we construe Green's application to argue that his sentence, based on facts found by the district court and under the mandatory Guidelines regime, was unconstitutionally imposed.

Green's previous Section 2255 motion, which argued that his sentence was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), was denied on the merits in May 2002.[1] Green may not raise a new claim in a second or successive Section 2255 motion unless he can show that his new claim is based on: (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court;" or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," and "the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2). Green concedes that his application does not rely on newly discovered evidence, and therefore relies on the argument that the so-called "new rules of law" articulated in *Blakely* and *Booker* justify his application to file a second or successive Section 2255 petition.

---

* The Honorable P. Kevin Castel, United States District Judge for the Southern District of New York, sitting by designation.

1. To the extent that Green raises an *Apprendi* claim it must be dismissed as it was previously adjudicated on the merits in his first Section 2255 petition. 28 U.S.C. § 2244(b)(1).

In *Tyler v. Cain* the Supreme Court considered whether new rules of constitutional law apply retroactively to second or successive petitions, and held that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001) (internal quotation marks omitted). In *Carmona v. United States*, this Court considered whether the Supreme Court's *Blakely* decision applied retroactively to second or successive petitions. *Carmona*, 390 F.3d 200, 202 (2d Cir.2004). This Court held that, because the Supreme Court had not clearly made *Blakely* retroactively applicable to cases on collateral review, *Blakely* did not retroactively apply to Carmona's application to file a second or successive petition. *Carmona*, 390 F.3d at 202–03. In *Booker*, the Supreme Court noted that its holdings in that case apply to "all cases on direct review" but made no explicit statement of retroactivity to collateral cases. *Booker*, —— U.S. at ——, 125 S.Ct. at 769. Thus, neither *Booker* nor *Blakely* apply retroactively to Green's collateral challenge. Accordingly, Green's application to file a second or successive Section 2255 petition is denied.