**UNITED STATES of America,
Appellee,**

v.

**James MITCHELL, also known
as Mailman, Defendant–
Appellant.**

**No. 04–3367.**

United States Court of Appeals,
Second Circuit.

Feb. 18, 2005.

---

James Mitchell, Otisville, NY, for Defendant–Appellant, pro se.

David N. Kelley, United States Attorney for the Southern District of New York (Vincent Tortorella, Celeste L. Koeleveld, Assistant United States Attorneys), New York, NY, for Appellee, of counsel.

PRESENT: McLAUGHLIN, HALL and JOHN R. GIBSON,* Circuit Judges.

### SUMMARY ORDER

James Mitchell appeals from an order entered on May 11, 2004, in the United States District Court for the Southern District of New York (Griesa, *J.*) denying Mitchell's motion pursuant to 18 U.S.C. § 3582(c)(2) for a reduction of sentence. On appeal, Mitchell argues that (a) the district court erred in calculating his base offense level pursuant to U.S.S.G. § 2A1.1; (b) U.S.S.G. § 2A1.1 did not apply because he did not commit murder with "malice aforethought" as required by 18 U.S.C. § 1111; and (c) the Supreme Court's decision in *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) "clearly impacts" his argument for a

---

* The Honorable John R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting     by designation.

reduced sentence. Familiarity with the facts and the proceedings below is assumed. We affirm.

■ For substantially the same reasons set forth in the district court's May 11, 2004 order, we deny Mitchell's first claim. The district court properly found that Mitchell's guideline calculation remains the same. Amendment 591 to the Sentencing Guidelines, applicable by the terms of 18 U.S.C. § 3582(c)(2), does not change the calculation of Mitchell's sentence. The guideline for his offense of conviction, U.S.S.G. § 2B3.1 (Robbery), applies the U.S.S.G. § 2A1.1 (First Degree Murder) offense guideline to a robbery conviction in which a victim was killed under circumstances that would have constituted murder under 18 U.S.C. § 1111 had it occurred within the territorial or maritime jurisdiction of the United States.

■ Mitchell's second contention that he did not commit murder with malice aforethought also fails because malice aforethought can be demonstrated by showing that the homicide occurred during the commission of a robbery. 18 U.S.C. § 1111(a); *United States v. Thomas*, 34 F.3d 44, 48–49 (2d Cir.1994).

■ Finally, Mitchell's bare assertion that *Blakely* somehow has an impact that supports his argument is also unavailing. In *Blakely*, the Supreme Court held that the Washington state sentencing procedures violated the Sixth Amendment, but declined to opine on the constitutionality of the United States Sentencing Guidelines. *Blakely,* —— U.S. at —— n. 9, 124 S.Ct. at 2538 n. 9. Recently, the Supreme Court addressed that issue in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). At best, Mitchell's effort somehow to import *Blakely* and, by extension, *Booker* into a recalculation of his sentence under 18 U.S.C. § 3582(c)(2)

is a collateral attack on the original judgment. This court has held, however, that *Booker* does not apply retroactively to cases on collateral review. *Green v. United States,* 397 F.3d 101 (2d Cir.2005).

We have carefully considered all of Mitchell's arguments and find them to be without merit. The judgment of the district court is hereby AFFIRMED.