DECISION.
{¶ 1} Petitioner-appellant Larry Tatum appeals the judgment of the common pleas court denying his postconviction petition. He advances on appeal eight assignments of error. Finding no merit to the assignments of error, we affirm the judgment of the common pleas court.
 {¶ 2} In December of 1977, Tatum was convicted, upon guilty pleas, of rape, attempted aggravated murder, and escape. The trial court sentenced him to a term of confinement of 15 to 55 years. Tatum appealed the judgment of conviction, and we affirmed.[1]
 {¶ 3} In November of 2001, Tatum was adjudicated a sexual predator pursuant to R.C. Chapter 2953. Tatum appealed, and we affirmed.[2]
 {¶ 4} In March of 2003, Tatum filed with the common pleas court a document bearing the title "Motion to Vacate Void Judgment of Conviction and Sentence, Motion for Due Process Hearing * * *, Motion for Change of Venue, Request for Recusal." In his "motion," he invoked the "inherent power" of the court to "vacate a void judgment" and sought relief on the following grounds: (1) his guilty pleas were not voluntary or intelligent, because the trial court, by not informing him that he could be adjudicated a sexual predator, had failed to advise him of the maximum penalty he could face; (2) the trial court denied him his right to a jury trial, when it denied his presentence motion to withdraw his guilty pleas; (3) the trial court failed to journalize an entry denying his motion to withdraw his pleas; and (4) the trial court denied him his right to present and to have a jury decide his insanity defense, when it denied his motion to withdraw his pleas.
 {¶ 5} The common pleas court construed the "motion" as a petition for postconviction relief pursuant to R.C. 2953.21 et seq. and denied it. On June 17, 2004, we granted Tatum leave to appeal.
 I. {¶ 6} In his first assignment of error, Tatum contends that the common pleas court erred in "transmut[ing]" his "motion" into a postconviction petition. We disagree.
 {¶ 7} In support of this contention, Tatum cites the decision of the Ohio Supreme Court in State v. Bush.[3] The court in Bush held that "R.C. 2953.21 and 2953.23 do not govern a Crim.R. 32.1 postsentence motion to withdraw a guilty plea."[4] The court did not, however, declare as a corollary principle that a court must, in all instances, review a postsentence request to withdraw a guilty plea under Crim.R. 32.1. To the contrary, the Bush court recognized that R.C. 2953.21 et seq. and Crim.R. 32.1 provide "distinct avenue[s] for relief," and that a common pleas court confronted with "an irregular `no-name' motion," i.e., a motion "that fails to delineate specifically whether it is a postconviction [relief] petition or a Crim.R. 32.1 motion," must "classify" or "categorize" the motion "in order for the court to know the criteria by which the motion should be judged."[5]
 {¶ 8} Tatum, in his "motion," did not designate the statute or rule under which he sought relief. In his "motion," he asked the court to vacate his 1977 convictions on the basis of various constitutional deprivations that, he asserted, rendered his convictions void. R.C. 2953.21
permits a person convicted of a criminal offense to file with the trial court a petition asking the court to vacate or set aside his judgment of conviction on just such grounds. We, therefore, conclude that the common pleas court properly reviewed Tatum's "motion" as an R.C. 2953.21 petition for postconviction relief. Accordingly, we overrule the first assignment of error.
 II. {¶ 9} In assignments of error two through five, Tatum merely restates each of the four claims presented in his postconviction petition. In his sixth assignment of error, he contends that the common pleas court erred in denying him a hearing on his claims. These assignments of error, in essence, challenge the denial of Tatum's postconviction petition without a hearing. The challenge is feckless.
 {¶ 10} Tatum was convicted in 1977. The General Assembly amended R.C.2953.21(A)(2), effective September 21, 1995, to impose time limitations on the filing of a postconviction petition. The amendment afforded a postconviction petitioner convicted before the amendment's effective date a period of one year from the effective date to file his petition.[6]
Thus, Tatum filed his postconviction challenges to his 1977 convictions well beyond the time strictures prescribed by R.C. 2953.21.
 {¶ 11} R.C. 2953.23 permits a common pleas court to entertain a tardy postconviction petition under closely circumscribed circumstances: The petitioner must show either that he was unavoidably prevented from discovering the facts upon which his petition depends, or that his claim is predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the expiration of the time prescribed in R.C. 2953.21; and he also must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
 {¶ 12} We conclude that the court below properly declined to entertain Tatum's petition, because the record does not demonstrate either that he was unavoidably prevented from discovering the facts underlying his claims, or that his claims were based upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the time for filing a petition expired. Accordingly, we overrule assignments of error two through six.
 III. {¶ 13} In his seventh assignment of error, Tatum contends that the common pleas court erred in denying his motion for a change of venue. Our determination that R.C. 2953.23 precluded the common pleas court from entertaining the petition is dispositive of this contention. On that basis, we overrule the seventh assignment of error.
 IV. {¶ 14} In his eighth and final assignment of error, Tatum contends that the common pleas court's failure to afford him a jury trial within the six-year statute of limitations provided in R.C. 2901.13(A)(1) rendered his convictions void and required his release. Tatum did not present this challenge in the form of a claim for relief in his postconviction petition. We, therefore, cannot say that the common pleas court erred in failing to grant him relief on this basis. Accordingly, we overrule the eighth assignment of error and affirm the judgment of the common pleas court.
Judgment affirmed.
Hildebrandt, P.J., Gorman and Sundermann, JJ.
[1] See State v. Tatum (Nov. 8, 1978), 1st Dist. No. C-780020.
[2] See State v. Tatum (June 19, 2002), 1st Dist. No. C-010723.
[3] State v. Bush, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522.
[4] State v. Bush, syllabus.
[5] Id. at ¶ 10-11.
[6] See Section 3, Am.Sub.S.B. No. 4.