UNITED STATES of America, Plaintiff–Appellee,

v.

Brian A. STANDIFORD, Defendant–Appellant.

No. 04–1259.

United States Court of Appeals, Seventh Circuit.

Submitted March 8, 2005.*

Decided March 8, 2005.

Rehearing and Rehearing En Banc Denied May 17, 2005.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Andrew B. Baker, Jr., Office of the United States Attorney, Hammond, IN, for Plaintiff–Appellee.

Brian A. Standiford, Terre Haute, IN, pro se.

Before FAIRCHILD, KANNE, and EVANS, Circuit Judges.

## ORDER

Pursuant to a plea agreement, Brian A. Standiford pleaded guilty to three counts of bank robbery in violation of 18 U.S.C. § 2113(a). The district court sentenced him as a career offender under U.S.S.G. § 4B1.1 to 151 months' imprisonment based on two prior state convictions for bank robbery. We dismissed his appeal from the sentences because of an appeal waiver in his plea agreement. *United States v. Standiford*, 148 F.3d 864 (7th Cir.1998). Standiford continued to challenge both his convictions and sentences through postconviction filings—including first a motion under 28 U.S.C. § 2255 and then an application for permission to file a successive collateral attack—all to no avail. At issue here is another attempt by Standiford to attack his sentences, this time via a motion to reduce them under 18 U.S.C. § 3582(c)(2). The district court denied the motion and we affirm.

Standiford argued in the district court that Amendment 591 to the sentencing guidelines, which became effective November 1, 2000, and applies retroactively under U.S.S.G. § 1B1.10(c), permits his concurrent prison terms to be reduced. The amendment, which modified the text of § 1B1.1(a), § 1B1.2(a), and the introductory commentary to the Statutory Index, requires district courts to "apply the offense guideline referenced in the Statutory Index for the statute of conviction unless the case falls within the limited 'stipulation' exception set forth in § 1B1.2(a)." U.S.S.G.App. C Supp., amend. 591, at 31 (2000); *see United States v. Lanas*, 324 F.3d 894, 904 (7th Cir.2003). The amendment resolved a circuit split, preventing courts from declining to apply the offense guideline referenced in the Statutory Index in cases that were perceived as "atypical" or "outside the heartland." U.S.S.G.App. C Supp., amend. 591, at 30–31; *see United States v. Hurley*, 374 F.3d 38, 39–40 (1st Cir.2004); *United States v. Gracia*, 272 F.3d 866, 876 (7th Cir.2001). The district court denied Standiford's motion because the amendment did not impact his sentence: the district court *had* applied the proper guideline, U.S.S.G. § 2B3.1, specified in the Statutory Index for the offense of bank robbery under § 2113(a). The district court also concluded that it lacked jurisdiction to consider Standiford's additional request for a "downward departure" premised on his asserted need to care for his sick mother.

■ In renewing on appeal his argument that Amendment 591 impacts his sentences, Standiford appears to misunderstand the effect of the amendment. He argues that the district court improperly "forgo[ed] a heartland analysis that would determine whether [his] case [wa]s an atypical Bank Robbery case." Amendment 591 speaks to preventing courts from

disregarding the guideline that corresponds to the statutory offense based on exactly this sort of "heartland analysis." U.S.S.G.App. C Supp., amend. 591, at 32; *Gracia*, 272 F.3d at 876. As the district court correctly recognized, this amendment has no impact on Standiford's sentences because the court applied the guideline that corresponded with the offense of bank robbery in the Statutory Index. Moreover, the amendment does not affect Standiford's sentences because it was the career offender guideline that increased his sentence to 151 months, not the district court's choice of a Chapter Two offense guideline for Standiford's convictions.

Standiford also asserts without elaboration that the district court erred in concluding that it lacked jurisdiction to consider his request for a downward departure to 80 months' imprisonment so that he can take care of his sick mother. We disagree. The district court's discretion in considering a motion under § 3582(c) is limited to evaluating the effect of a post-sentencing amendment on the guideline range. *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir.2000) (district court lacks jurisdiction to depart downward for medical condition pursuant § 3582(c)(2)); *United States v. Jordan*, 162 F.3d 1, 5 (1st Cir.1998) (district court lacked jurisdiction to consider departure under U.S.S.G. § 5K2.0 in § 3582(c)(2) context); *see also United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir.1999) (a proceeding under § 3582(c) is not a "do-over of an original sentencing proceeding").

Finally, Standiford argues for the first time that his sentence should be reduced under our decision in *United States v. Booker*, 375 F.3d 508 (7th Cir.2004) (and

presumably the Supreme Court's review of our decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which was decided after Standiford filed his brief). We have held that *Booker* does not apply retroactively to convictions that became final before its release, and so the finality of Standiford's convictions and sentences precludes him from seeking any potential relief available. *See McReynolds v. United States*, 397 F.3d 479, 480 (7th Cir.2005); *Green v. United States*, 397 F.3d 101, 102 (2d Cir. 2005).

AFFIRMED.