JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant, Louis Merriweather, appeals from the trial court's judgment dismissing his petition for postconviction relief. The record shows that the court entered a judgment of conviction in 1997. His petition for postconviction relief was filed on September 9, 2003.
Merriweather raises six assignments of error in which he cites various alleged errors including ineffective assistance of counsel, improper sentencing, and improprieties in a sexual-predator hearing. We need not discuss the merits of these assignments of error. Because Merriweather's petition was not filed within the time limits set forth in R.C.2953.21(A)(2), the trial court properly dismissed his petition as untimely. See State v. Beaver (1998), 131 Ohio App.3d 458,722 N.E.2d 1046; State v. Tatum, 1st Dist. No. C-040296, 2005-Ohio-903.
Further, Merriweather has not demonstrated that he fell within one of the two exceptions set forth in the statute. He has not shown that he was unavoidably prevented from discovering the facts upon which the petition depended or that his claim was predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the expiration of the time prescribed in R.C. 2953.21(A)(2). R.C. 2953.23(A)(1)(a); Beaver, supra; Tatum
Merriweather raises sentencing issues, and, arguably, Blakely v.Washington (2004), ___ U.S. ___, 124 S.Ct. 2531, and United States v.Booker (2005), ___ U.S. ___, 125 S.Ct. 738, set forth an applicable federal or state right. Nevertheless, those cases apply to "all cases on direct review or not yet final." State v. Bruce, 1st Dist. No. C-040421,2005-Ohio-373. They do not apply retroactively to cases on collateral review. Humphress v. United States (C.A.6, 2005), 398 F.3d 855; Green v.United States (C.A.2, 2005), 397 F.3d 101. Consequently, we overrule Merriweather's six assignments of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Painter, JJ.