Gallagher v. United States

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2012

(Submitted: March 18, 2013        Decided: March 28, 2013)

Docket No. 13-547

- - - - - - - - - - - - - - - - - - - - -x

Robert Gallagher,

Petitioner,

- v.-

United States of America,

Respondent.

- - - - - - - - - - - - - - - - - - - - -x

Before:        JACOBS, Chief Judge, CABRANES and WESLEY, Circuit Judges.

Petitioner Robert Gallagher, pro se, seeks an order authorizing the United States District Court for the Eastern District of New York to consider a second or successive motion filed under 28 U.S.C. § 2255. Because Gallagher has not demonstrated that his proposed motion is based on a new rule of constitutional law made retroactive by the Supreme Court, his request is DENIED.

ROBERT GALLAGHER, pro se.

PETER A. NORLING, for Loretta E. Lynch, United States Attorney for the Eastern District of New York, for Respondent.

PER CURIAM:

Petitioner Robert Gallagher, pro se, seeks an order authorizing the United States District Court for the Eastern District of New York to consider a second or successive motion filed under 28 U.S.C. § 2255. Gallagher was convicted of committing violent crimes in aid of racketeering activity, in violation of 18 U.S.C. § 1959; judgment was entered in April 1996; this Court affirmed in 1997.

In 1999, Gallagher filed a motion under 28 U.S.C. § 2241, arguing that his trial counsel was ineffective because counsel underestimated Gallagher's sentencing exposure during plea bargaining. The district court construed the motion as being brought under 28 U.S.C. § 2255, and denied it as untimely.

Gallagher filed the instant motion for an order authorizing the district court to consider a second or successive motion on February 12, 2013. He alleges the same facts--that his trial "counsel rendered ineffective

2

assistance during plea negotiations by misrepresenting the exposure faced at trial"--but argues that this motion relies on a "new rule of constitutional law" announced in <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012), and <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012).

We must dismiss a claim that was presented in a prior motion under § 2255. <u>See</u> 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."); <u>Green v. United States</u>, 397 F.3d 101, 102 n.1 (2d Cir. 2005) (applying § 2244(b)(1) to motions brought under § 2255). Therefore, to the extent this second motion presents the same claim presented in the first (untimely) § 2255 motion, that claim is dismissed under <u>Green</u>.

To the extent this second motion presents a new claim based on <u>Lafler</u> and <u>Frye</u>, that new claim must be dismissed because it is not based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Neither <u>Lafler</u> nor <u>Frye</u> announced "a new rule of constitutional law": Both are applications of <u>Strickland</u>

3

v. Washington, 466 U.S. 668 (1984). Moreover, even if Lafler or Frye did announce "a new rule of constitutional law," it was not "made retroactive to cases on collateral review by the Supreme Court." Neither case contains any express language as to retroactivity, and we have been unable to locate any subsequent decision giving either of them retroactive effect. See Tyler v. Cain, 533 U.S. 656, 663 (2001) ("[A] new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." (quoting 28 U.S.C. § 2255(h)(2))).

For the foregoing reasons, Gallagher's motion is DENIED.