Alberto CASTELLANO, Petitioner,

v.

UNITED STATES of America,
Respondent.

Nos. 10 Civ. 4000(VM), 01 Cr. 619(VM).

United States District Court,
S.D. New York.

Aug. 20, 2013.

Alberto Castellano, Bruceton Mills, WV, pro se.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

By Order dated June 24, 2011, this Court denied the petition for a writ of habeas corpus of defendant Alberto Castellano ("Castellano") pursuant to 28 U.S.C. § 2255 ("§ 2255") to vacate, set aside, or otherwise correct his sentence. *See Castellano v. United States*, 795 F.Supp.2d 272 (S.D.N.Y.2011). Castellano claimed ineffective assistance of counsel based on his counsel's failure to raise certain motions, investigate certain witnesses, and object to potential juror bias. *See id.* at 276.

■ On February 5, 2013, Castellano filed a memorandum of law (*see* No. 10 Civ. 4000, Dkt. No. 32) in support of his motion to vacate his sentence under 28 U.S.C. § 2255(f)(3) in which he argues that the United States Supreme Court cases *Missouri v. Frye*, —— U.S. ——, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), and *Lafler v. Cooper*, —— U.S. ——, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), present new constitutional rules of law that would allow him to successfully submit a "second or successive" habeas petition. *See* 28 U.S.C. § 2255(f)(3).[1] In his reply brief, Castellano applies this same argument to the recent Supreme Court decisions in *Alleyne v. United States*, —— U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), and *Peugh v. United States*, —— U.S. ——, 133 S.Ct. 2072, 186 L.Ed.2d 84 (2013). Castellano does not appear to have a § 2255 motion pending—the Court's June 24, 2011 Order denied his earlier motion and closed the case, and he has not filed a subsequent motion—and so the Court will treat his memorandum as a motion.

■ As a general rule, this Court does not have jurisdiction to address a petition if it is a "second or successive motion" without authorization from the United States Court of Appeals for the Second Circuit, and is required to transfer a sec-

---

1. Castellano's current petition is a "second or successive" motion for habeas relief because it attacks his underlying conviction, which was affirmed by the Second Circuit on April 1, 2009, 321 Fed.Appx. 37 (2d Cir.2009), and not the merits of the Court's decision to deny his previous habeas petition. *See Harris v. United States*, 367 F.3d 74, 82 (2d Cir.2004).

ond or successive habeas petition to the Second Circuit if it is in the interest of justice. *See* 28 U.S.C. § 2244(b)(3); *see also Brown v. Ercole*, No. 07 Civ. 11609, 2012 WL 6217594, at *7 (S.D.N.Y. Dec. 12, 2012); *see also Liriano v. United States*, 95 F.3d 119, 123 (2d Cir.1996). However, transfer is unnecessary where the second or successive habeas corpus application is wholly without merit. *See Terrence v. Artus*, No. 05 Civ. 5994, 2005 WL 1705299, at *2 (S.D.N.Y. July 20, 2005) (dismissing successive habeas petition that was clearly without merit). Courts must dismiss a second or successive habeas corpus application unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Since Castellano's current petition fails to meet either exception laid out by § 2244(b)(2), his petition is denied.

■ To begin, Castellano's first argument, based on *Frye* and *Cooper*, fails because neither case establishes a new rule of constitutional law, and neither case applies retroactively. The Second Circuit has held that *Lafler* and *Frye* are only applications of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and therefore do not establish "a new rule of constitutional law," and that neither is "retroactive to cases on collateral review by the Supreme Court." *Gallagher v. United States*, 711 F.3d 315, 315–16 (2d Cir.2013) (dismissing a § 2255 claim that relied on *Lafler* and *Frye* as untimely). This analysis controls here.

■ Castellano's subsequent argument that *Alleyne* and *Peugh* establish new rules of constitutional law and apply retroactively likewise fails. In *Alleyne*, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), and held that a factual predicate that leads to an increase in the mandatory minimum sentence for a crime is an "element" which must be submitted to and decided by a jury. 133 S.Ct. at 2152. In *Peugh*, the Supreme Court held that that the "Ex Post Facto Clause is violated when a defendant is sentenced under current [sentencing] guidelines providing [a] higher sentencing range than Guidelines in effect at the time of the offense." 133 S.Ct. at 2078. The Court relied on precedent establishing that the Government is forbidden from "altering the substantive 'formula' used to calculate the applicable sentencing range," *California Dep't of Corr. v. Morales*, 514 U.S. 499, 505, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995), so that there would be a "significant risk of increasing the [defendant's] punishment." *Garner v. Jones*, 529 U.S. 244, 255, 120 S.Ct. 1362, 146 L.Ed.2d 236 (2000).

■ The Court need not decide whether *Alleyne* or *Peugh* establish a new rule of constitutional law because, even if they do, there is no indication that the Supreme Court intended for either holding to apply retroactively to this type of collateral review. In the context of a second or successive habeas petition, "a rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive," and such a decision

cannot be made by lower courts. *Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001); *see also Romero v. United States*, No. 00 Civ. 3513, 2001 WL 921167, at *4 (S.D.N.Y. Aug. 15, 2001) ("The placement of 'by the Supreme Court' *after* 'new rule of constitutional law' and 'made retroactive' supports the interpretation that the Supreme Court must make the new rule of law and the Supreme Court, not lower courts, must hold it retroactive on collateral review.")

Finally, none of Castellano's arguments satisfy the second prong of 28 U.S.C. § 2244(b)(2), which requires that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," *and* that the facts underlying the claim "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." Indeed, the plain language of this standard renders it inapplicable to Castellano's argument that his attorney inadequately advised him with regards to a plea agreement. Since Castellano's second or subsequent habeas petition does not survive dismissal under § 2244, the Court declines to transfer it to the Second Circuit and instead dismisses it in the interest of judicial economy.

### ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion (No. 10 Civ. 4000, Dkt. No. 32) of Petitioner Alberto Castellano for relief pursuant to 28 U.S.C. § 2255 to vacate, set aside, or otherwise correct his sentence is **DENIED.**

**SO ORDERED.**

