NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 19a0278n.06

Case No. 17-3628

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|                                  |   |
|----------------------------------|---|
| EDWIN ARTHUR AVERY,              | ) |
|                                  | ) |
| Petitioner-Appellant,            | ) |
|                                  | ) |
| v.                               | ) |
|                                  | ) |
| UNITED STATES OF AMERICA,        | ) |
|                                  | ) |
| Respondent-Appellee.             | ) |
|                                  | ) |

FILED
May 28, 2019
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

BEFORE: COOK, and LARSEN, Circuit Judges.[1]

COOK, Circuit Judge. Edwin Arthur Avery challenges his enhanced Armed Career Criminals Act ("ACCA") sentence, alleging that two of his three predicate convictions no longer support the enhancement after *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson II*"). The district court barred this successive habeas petition on procedural grounds, then went on to decide that even if not barred, the petition would fail. Because Avery presented his current *Johnson II* claim in a previous application, we REMAND with instructions to dismiss the petition for lack of jurisdiction.

---

[1] The third member of this panel, Judge Damon J. Keith, died on April 28, 2019. This decision is entered by the quorum of the panel. 28 U.S.C. § 46(d).

**I.**

In 2007, a grand jury indicted Avery on one count of possessing a firearm as a convicted felon. As relevant here, the indictment listed three Ohio felony predicates: (1) a 2005 robbery conviction, (2) a 2005 felonious assault conviction, and (3) a 2002 robbery conviction. Avery pleaded guilty, acknowledging that his robbery and felonious assault convictions were "violent felonies" qualifying him for the ACCA's mandatory-minimum sentence of fifteen years. He also waived his right to appeal his conviction and "any right to bring a post-conviction collateral attack on the conviction or sentence." The court then imposed the agreed-upon fifteen-year sentence. When Avery later attempted to appeal his sentence, this court affirmed, upholding the plea waiver. *United States v. Avery*, No. 08-4271 (6th Cir. Aug. 12, 2009).

Over six years later, Avery challenged his sentence in a 28 U.S.C. § 2255 motion, asserting that *Johnson II* invalidated his ACCA enhancement. The district court dismissed that petition and declined to issue a certificate of appealability ("COA"). Avery did not appeal.

Instead, three months later, Avery sought and received authorization from this court to file this second § 2255 petition on his *Johnson II* claim. Again, the district court dismissed the petition. This time, however, the court granted a COA on the question of "whether a person in Avery's position is entitled to the benefit of the doubt about whether an ambiguous prior conviction was under a statute that qualifies under [the] ACCA after *Johnson* [*II*]." This court later expanded the COA to consider, among other things, whether any procedural issues might bar Avery's *Johnson II* claim.

**II.**

We first examine whether we have jurisdiction over Avery's petition. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law,

and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)). Even if the parties fail to address jurisdiction in their briefs, "we are under an independent obligation to police our own jurisdiction." *Bonner v. Perry*, 564 F.3d 424, 426 (6th Cir. 2009) (quoting *S.E.C. v. Basic Energy & Affiliated Res., Inc.*, 273 F.3d 657, 665 (6th Cir. 2001)).

The district court here lacked jurisdiction to decide Avery's second § 2255 petition, and so do we. Two statutes bear on whether the district court could properly exercise jurisdiction. Section 2255(h) governs and requires that "[a] second or successive motion must be certified as provided in section 2244." 28 U.S.C. § 2255(h). And when we then look to § 2244, it instructs that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Importantly, both the Supreme Court and this court describe § 2244(b) as jurisdictional. *See Panetti v. Quarterman*, 551 U.S. 930, 942 (2007); *Post v. Bradshaw*, 422 F.3d 419, 425 (6th Cir. 2005). Other circuits agree. *See In re Bradford*, 830 F.3d 1273, 1278 (11th Cir. 2016) ("Because § 2244(b)(1) is jurisdictional, we necessarily lack jurisdiction to hear a second or successive habeas petition premised exclusively on a claim that was presented in a prior application."); *Adams v. Thaler*, 679 F.3d 312, 322–23 (5th Cir. 2012); *Freeman v. Chandler*, 645 F.3d 863, 867 (7th Cir. 2011).

The district court interpreted § 2244(b)(1) to apply only to state prisoners because it cross-references § 2254, the section of the habeas statute addressing state prisoners. Thus, the court concluded that § 2244(b)(1) did not bar Avery—a federal prisoner—from pursuing a second § 2255 petition. But though § 2244(b)(1) explicitly references § 2254, our cases teach that its bar on repetitive filings extends to federal prisoners' § 2255 motions. *Charles v. Chandler*, 180 F.3d

753, 758 (6th Cir. 1999) ("[Petitioner] is not entitled to file a successive § 2255 motion to vacate because he seeks permission to file the same claims that have already been denied on the merits. *See* § 2244(b)(1)."). We are bound by that holding. Indeed, every circuit to consider the issue has concluded that § 2255 incorporates § 2244(b)(1). *See White v. United States*, 371 F.3d 900, 901 (7th Cir. 2004) ("It would be odd if Congress had intended that a federal prisoner could refile the same motion over and over again without encountering a bar similar to that of section 2244(b)(1), and we have therefore held that 'prior application' in that section includes a prior motion under section 2255." (citing *Taylor v. Gilkey*, 314 F.3d 832, 836 (7th Cir. 2002))); *In re Baptiste*, 828 F.3d 1337, 1339–40 (11th Cir. 2016); *Green v. United States*, 397 F.3d 101, 102 n.1 (2d Cir. 2005).

Because Avery presented his current *Johnson II* claim in a previous application, we dismiss his petition for lack of jurisdiction. *See* 28 U.S.C. § 2244(b)(1); *Charles*, 180 F.3d at 758. In the absence of jurisdiction, we do not reach the merits of his petition. *See Steel Co.*, 523 U.S. at 94.

**III.**

We REMAND with instructions to dismiss the petition for lack of jurisdiction.