# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 8, 2020

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Strichen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

159757

PEOPLE OF THE STATE OF MICHIGAN,
       Plaintiff-Appellant,

v

JUAN T. WALKER,
       Defendant-Appellee.

_____/

SC: 159757
COA: 332491
Wayne CC: 01-003031-FC

       On order of the Court, the application for leave to appeal the May 23, 2019 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

       MARKMAN, J. (*dissenting*).

       In *Lafler v Cooper*, 566 US 156, 164 (2012), the United States Supreme Court held for the first time that where a defendant rejects a plea offer from the prosecutor as a result of the "ineffective advice" of defense counsel and the defendant is later convicted at trial, he or she may be entitled to relief under *Strickland v Washington*, 466 US 668 (1984). Here, the Court of Appeals concluded "that *Lafler* did not create a new rule [of constitutional law] and that it therefore applies retroactively to this case." *People v Walker (On Remand)*, 328 Mich App 429, 449 (2019). While I have no present position as to whether the Court of Appeals erred in this regard, for the following two reasons, I would nonetheless grant leave to appeal to consider the issue of *Lafler* retroactivity.

       First, there is a difference of contemporary judicial opinion concerning the Court of Appeals' conclusion that "[t]he *Lafler* opinion did not create a new rule-- it merely determined how the *Strickland* test applied to the specific factual context concerning plea bargaining." *Id*. at 448. While it is true that the prevailing conclusion among the federal appellate courts is that *Lafler* applies retroactively because it was simply an "application" of *Strickland* and thus did not create a new rule, see, e.g., *Gallagher v United States*, 711 F3d 315, 315 (CA 2, 2013) ("Neither *Lafler* nor [*Missouri v Frye*, 566 US 134 (2012)] announced 'a new rule of constitutional law': Both are applications of *Strickland*"), the Utah Supreme Court concluded to the contrary that *Lafler* "announced a new rule" because the "holding of *Lafler*—that prejudice is possible even if a defendant has received a fair trial—decides an issue neither contemplated nor addressed by *Strickland*." *Winward v Utah*, 355 P3d 1022, 1023, 1028 (Utah, 2015). See also Marceau, *Embracing a New Era of Ineffective Assistance of Counsel*, 14 U Pa J Const L 1161, 1163 (2012) (contending that *Lafler* "reflect[s] a seismic shift in Sixth Amendment jurisprudence"). In light of this difference of opinion, I believe that review of the Court of Appeals' decision is warranted, even if this Court ultimately affirms that determination.

<u>Second</u>, as a substantive proposition, applying *Lafler* retroactively will result in the unavailability of a considerable amount of testimony and recollections from defense counsel of plea discussions occurring many years earlier, precisely because there is disagreement whether *Strickland* was viewed as foreshadowing the rule in *Lafler* and, as a result, relatively few attorneys prior to *Lafler* may have anticipated that their recollections in this regard might be of future constitutional consequence. In the instant case, for example, defendant was found guilty at his 2001 trial of first-degree premeditated murder, MCL 750.316(1)(a), and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1). He now asserts that defense counsel never conveyed a plea offer to him prior to trial in which he would have been allowed to plead guilty to second-degree murder, MCL 750.317, and felony-firearm. And at the 2015 evidentiary hearing that followed, defense counsel testified-- not unreasonably, in my judgment-- that he had no memory as to whether he had conveyed the plea offer 14 years earlier. While this Court at an earlier stage of this case concluded that the trial court did not clearly err "in finding a reasonable probability that the defendant would have accepted the plea offer," *People v Walker*, 503 Mich 908, 908 (2018), it strikes me as a questionable outcome that a convicted person would obtain relief (restoration of the original plea offer) despite the absence-- an altogether predictable absence-- of a critical element of the record, defense counsel's recall after 14 years as to whether, and when, he or she presented a plea offer to a defendant.

It seems likely that more such cases will come before this Court, in which memories will have been long-lost; in which attorney records will have been long-discarded; in which attorneys will have passed; in which conversations once seen as mundane will have been transformed into critical determinants of which long-settled convictions must be revised and rewritten; and in which relevant evidence will largely be derived from the unsubstantiated recollections of long-incarcerated criminal offenders. For these reasons, I would grant leave to appeal to address whether the Court of Appeals properly concluded that *Lafler* applies retroactively. In my judgment, this is a jurisprudentially significant issue with far-reaching constitutional and practical implications and it deserves our careful review.

ZAHRA, J., joins the statement of MARKMAN, J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 8, 2020



b0505

Clerk