UNITED STATES of America, Appellee,

v.

Heriberto RODRIGUEZ, also known as Herbberto Rodriguez, also known as Herberto Rodriguez, also known as King Tranz, also known as Eric Rodriguez, Defendant–Appellant.

No. 06–2646–cr.

United States Court of Appeals, Second Circuit.

March 19, 2008.

Georgia J. Hinde, New York, NY, for Defendant–Appellant.

Christopher L. Garcia, Assistant United States Attorney (Jessica A. Roth, of counsel, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, Circuit Judges, Hon. CAROL BAGLEY AMON,* District Judge.

### SUMMARY ORDER

Defendant-appellant Heriberto Rodriguez ("Rodriguez") appeals from the May 24, 2006 judgment of the United States District Court for the Southern District of New York (Marrero, J.), convicting him, after a plea of guilty, of one count of

---

* The Honorable Carol Bagley Amon, District Judge, United States District Court for the — Eastern District of New York, sitting by designation.

possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1); two counts of conspiracy to commit robbery under the Hobbs Act, in violation of 18 U.S.C. § 1951; and one count of using and discharging a firearm during, in relation to, and in furtherance of one such robbery, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and (2). He was sentenced principally to 235 months' imprisonment, followed by five years' supervised release. We assume the parties' familiarity with the underlying facts and procedural history of this case.

On appeal, Rodriguez argues that the district court committed procedural error in applying the cross-reference provisions contained in U.S.S.G. §§ 2K2.1(c)(1) and 2X1.1 to calculate the base offense level for his felon-in-possession of a firearm offense under U.S.S.G. § 2A4.1, which applies to offenses involving "unlawful restraint." He contends that his base level should not have been calculated under § 2A4.1 because he was not convicted of any crime involving unlawful restraint, and the factual record does not support the application of the unlawful restraint provision.[1]

As an initial matter, because Rodriguez stipulated in his plea agreement to the application of §§ 2K2.1(c)(1), 2X1.1, and 2A4.1; expressly argued to the district court that it should impose a sentence in accordance with his plea agreement; failed to object to the portion of the Probation Office's calculation that called for him to be sentenced under § 2A4.1; and conceded in his sentencing letter the facts supporting application of § 2A4.1, Rodriguez waived the right to appeal his sentence on this ground. *See United States v. Olano,* 507 U.S. 725, 733–34, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (explaining that where a claim has been waived

through explicit abandonment, rather than forfeited through failure to object, plain error review is not available). Even were Rodriguez's claim not waived, however, we see no plain error in the district court's calculation. This Court has not yet addressed Rodriguez's contention that he cannot be sentenced under § 2A4.1 if he has not been convicted of an unlawful restraint offense. Every circuit to address the issue, however, has rejected Rodriguez's argument. *See United States v. O'Flanagan,* 339 F.3d 1229, 1232–35 (10th Cir.2003); *United States v. Drew,* 200 F.3d 871, 877–79 (D.C.Cir.2000); *United States v. Branch,* 91 F.3d 699, 742–43 (5th Cir. 1996); *United States v. Fleming,* 8 F.3d 1264, 1266–67 (8th Cir.1993). Thus, the error, if any, is not "so plain [that] the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it." *United States v. Frady,* 456 U.S. 152, 163, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Further, the facts alleged in Rodriguez's Pre–Sentence Report, which were adopted by the district court and not objected to by Rodriguez, provide sufficient evidence of non-consensual, unlawful restraint to support the district court's application of § 2A4.1. *See United States v. Martin,* 157 F.3d 46, 49–50 (2d Cir.1998) (noting that a district court may rely upon and incorporate into its judgment the factual assertions set forth in a pre-sentence report); *United States v. Romano,* 825 F.2d 725, 728–29 (2d Cir.1987) (suggesting that, short of a full evidentiary hearing at the judge's discretion, "a defendant may challenge pre-sentence information, [*inter alia,* ] by offering written submissions [or by] directing argument to the court").

Rodriguez also contends that the district court's sentence was substantively unrea-

---

1. Because the government does not seek to invoke the appellate waiver provision in the parties' plea agreement, we proceed to the merits of Rodriguez's appeal.

sonable. We find no merit in Rodriguez's claim. We review his sentence for reasonableness. *See United States v. Fernandez,* 443 F.3d 19, 26 (2d Cir.2006). At sentencing, the district court considered all of the § 3553(a) factors in determining the appropriate sentence and did not rely solely on the Guidelines, which it treated as advisory. Given the seriousness of the firearms and robbery offenses of which Rodriguez was convicted and the district court's finding that he had engaged in "a repeated pattern of violent behavior," this is not one of those rare cases where a sentence within the Guidelines range is substantively unreasonable. *See id.* at 27 ("We recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in particular circumstances.") Giving due respect to the district court's reasoned judgment, *see Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 594–96, 169 L.Ed.2d 445 (2007), we reject Rodriguez's challenge.

For the foregoing reasons, we AFFIRM the judgment of the district court.