Heriberto RODRIGUEZ, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 09 Civ. 6501.
No. 04 Cr. 0793.

United States District Court,
S.D. New York.

Jan. 27, 2010.

Heriberto Rodriguez, Fort Dix, NJ, pro se.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Petitioner Heriberto Rodriguez ("Rodriguez") brought this action pursuant to 28 U.S.C. § 2255 ("§ 2255") seeking to vacate, set aside or correct his sentence. Rodriguez pled guilty pursuant to a plea agreement to possession of a firearm after

having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1); conspiracy to commit robbery, in violation of 18 U.S.C. § 1951; and using and discharging a firearm in furtherance of a robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) ("§ 924(c)"). The stipulated sentencing range under the Sentencing Guidelines (the "Guidelines") was 217 to 241 months' imprisonment, which included a mandatory consecutive sentence of 120 months in connection with the violation of § 924(c). Taking into account the considerations listed under 18 U.S.C. § 3553(a), the Court imposed a sentence of 235 months of incarceration, which fell below the Guidelines range of 241 to 271 months calculated by the range stipulated in the plea agreement.

Rodriguez appealed to the Court of Appeals for the Second Circuit. He argued that the Court improperly calculated the base offense level for the felon-in-possession charge, and thus that the sentence of 235 months was unreasonable because of the Court's finding that Rodriguez's offense involved an unlawful restraint.

The Second Circuit rejected Rodriguez's appeal, *see United States v. Rodriguez,* 270 Fed.Appx. 28 (2d Cir.2008), and the United States Supreme Court denied his petition for certiorari, *see* —— U.S. ——, 129 S.Ct. 212, 172 L.Ed.2d 157 (2008). In his opposition to the Government's response Rodriguez essentially reiterates these arguments.

In the instant petition, Rodriguez contends that his guilty plea was not knowing and voluntary because neither his attorney nor the Court fully informed him of the charges against him and the consequences of his plea; that his counsel provided ineffective assistance; and that his sentence is unlawful under the Second Circuit's decision in *United States v. Whitley,* 529 F.3d 150 (2d Cir.2008).

■ The Court rejects each of Rodriguez's arguments. The record of Rodriguez's plea agreement, guilty plea allocution and sentencing establishes conclusively that Rodriguez was and sentencing establishes conclusively that Rodriguez was fully aware of the charges against him, that he was sufficiently informed of the consequences of pleading guilty, including the maximum and minimum sentences he faced, the consecutive mandatory minimum term of 120 months associated with the § 924(c) firearm charge, and the supervised release requirement and related conditions. In addition, the record sufficiently establishes that Rodriguez's plea was knowing, voluntary and based on advice of counsel. Moreover, Rodriguez acknowledged to the Court that he had reviewed the charges, the plea agreement and the applicable Guidelines provisions with his attorney and was satisfied with his counsel and the legal representation provided to him. In the plea agreement Rodriguez waived his right to challenge on appeal a sentence within or below the stipulated sentencing range of 97 to 121 months, plus the mandatory consecutive term of 120 months in connection with the § 924(c) count. The Court finds that Rodriguez's waiver agreement is enforceable and that Rodriguez is thus barred from challenging his sentence on collateral review under § 2255. *See United States v. Lee,* 523 F.3d 104, 106 (2d Cir.2008); *United States v. Morgan,* 406 F.3d 135, 137 (2d Cir., 2005); *United States v. Djelevic,* 161 F.3d 104, 106 (2d Cir.1998).

■ The Court has reviewed Rodriguez's ineffective assistance of counsel claim and finds it meritless. Rodriguez fails to establish any basis for relief on such ground under the standard enunciat-

ed by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Rodriguez alleges that his counsel failed: to explain the nature of the charges to which he pled guilty and the consequences of his plea; to raise the unlawful restraint issue; to argue that the Court had treated the Sentencing Guidelines as mandatory; to move for suppression of evidence; to properly investigate and obtain evidence from witnesses; and to object to certain information in the Pre–Sentencing Report ("PSR").

These arguments are all belied by the record of Rodriguez's plea agreement, plea allocution and sentencing, as well as by the factual recitation of the PSR. As discussed above, that record establishes that Rodriguez was fully informed of the charges against him and the maximum and minimum penalties he faced. He entered a guilty plea voluntarily with advice of counsel, with whom he stated he was satisfied. Moreover, Rodriguez's arguments regarding the unlawful restraint issues and the Court's application of the Guidelines represent issues decided against him on appeal that he cannot properly relitigate under § 2255. The Court otherwise finds that a fair assessment of counsel's performance in this case shows no evidence that the legal representation Rodriguez was provided in connection with his plea allocution, at sentencing or on appeal was deficient, or that any professional errors counsel may have made were so serious as to deprive Rodriguez of a fair proceeding, or that, but for any such errors there was a reasonable probability that Rodriguez's sentencing would have been different. *See id.* at 689, 698, 104 S.Ct. 2052.

The Court also finds no merit in Rodriguez's claim, based on *Whitley*, that the imposition of a consecutive mandatory minimum sentence of 120 months was improper in this case. In *Whitley*, the Second Circuit interpreted § 924(c) to preclude imposition of more than one mandatory minimum sentence. *See* 529 F.3d at 150. Here, no mandatory minimum applied to Rodriguez's conviction on the robbery charges. The only consecutive mandatory minimum the Court imposed was the only one applicable—Rodriguez's conviction on the firearm charge pursuant to § 924(c).

Because Rodriguez has not sufficiently demonstrated that he has any plausible claim, and because the files and records of the case conclusively show that he is entitled to no relief, the Court finds that no evidentiary hearing on the petition is required. *See* 28 U.S.C. § 2255; *United States v. Tarricone*, 996 F.2d 1414, 1417–18 (2d Cir.1993).

## ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 1) of Heriberto Rodriguez ("Rodriguez") for an order to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED.

The Clerk of Court is directed to withdraw any pending motions and to close this case.

Because Rodriguez has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.

**SO ORDERED.**