Heriberto RODRIGUEZ, Petitioner

v.

UNITED STATES of America, Respondent.

Nos. 12 Civ. 9276(VM), 04 Cr. 793(VM).

United States District Court, S.D. New York.

Aug. 5, 2013.

Heriberto Rodriguez, Loretto, PA, pro se.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Petitioner Heriberto Rodriguez ("Rodriguez") pled guilty to violations of 18 U.S.C. §§ 922(g), 924(c), and 1951. As a result, he was sentenced to 235 months imprisonment, a sentence that fell below the range of 241 to 271 months recommended by the United States Sentencing Guidelines (the "Guidelines") based on the offenses stipulated to in his plea agreement with the Government. Rodriguez appealed the sen-

tence to the United States Court of Appeals for the Second Circuit, arguing that this Court improperly applied Section 2A4.1 of the Guidelines by taking into account a prior state criminal arrest and indictment that had been dismissed by the New York State Supreme Court (the "State Court") prior to his sentencing in the case at hand. *See United States v. Rodriguez,* 270 Fed.Appx. 28 (2d Cir.2008). The appeal was denied by the Second Circuit.

Rodriguez then moved in this Court to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The motion challenged, inter alia, the "Court's finding that Rodriguez's offense involved an unlawful restraint." *Rodriguez v. United States,* 703 F.Supp.2d 280, 281 (S.D.N.Y. 2010). The Court rejected Rodriguez's arguments and denied his motion.

Rodriguez subsequently obtained a "Certificate of Disposition" from the State Court, confirming that his 2004 indictment charging him with unlawful restraint had indeed been dismissed by the State Court prior to his sentencing in this action on May 19, 2006. *See* Rodriguez Mot. at Ex. A, Dec. 19, 2012, Dkt. No. 1. He then filed with the Second Circuit a motion for leave to file another habeas petition challenging his sentence. The Second Circuit denied his motion, noting that Rodriguez's challenge did not meet the requirements of 28 U.S.C. § 2255(h), making his petition second or successive. *See* Amended Order, *Rodriguez v. United States,* No. 12–4026 (2d Cir. Nov. 13, 2012), Dkt. No. 19.

Rodriguez nonetheless filed the instant motion in this Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## I. *LEGAL STANDARD*

■ Under 28 U.S.C. §§ 2244(b)(3) and 2255, "a district court cannot consider a successive habeas corpus petition challeng-

ing a [federal] court conviction unless the petition has first obtained an order authorizing consideration of the successive petition from [the U.S. Court of Appeals]." *Carmona v. United States,* 390 F.3d 200, 202 (2d Cir.2004) (citation omitted). A motion is considered successive "if a previous habeas petition filed by the movant challenged the same conviction or sentence and was adjudicated on the merits or dismissed with prejudice." *Id.*

A second or successive petition "shall be dismissed unless . . . the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and the fact underlying the claim . . . would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

## II. *DISCUSSION*

■ Because the Second Circuit has denied Rodriguez's motion for leave to file the instant motion, this Court is precluded from considering it. "[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in a district court without the authorization by [the U.S. Court of Appeals] that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to [the U.S. Court of Appeals] in the interest of justice pursuant to [18 U.S.C. § 1631]." *Liriano v. United States,* 95 F.3d 119, 123 (2d Cir.1996). Because the Second Circuit has ruled that Rodriguez's motion for leave to file did not meet the standards of 28 U.S.C. § 2255, the instant motion must be considered a successive habeas petition. Consequently, the Second Circuit's ruling renders this Court unable even to consider the instant motion. Yet transferring the same motion back to the Second Circuit

for consideration of leave to file (which would be the case had the motion initially been filed in this Court) only to have it meet with the same rejection would be a waste of time and judicial resources.

Even if the Second Circuit's denial of Rodriguez's motion for leave to file did not preclude this Court from considering the instant motion, the Court would deny the instant motion on its merits. Rodriguez has already unsuccessfully challenged his sentence on these same grounds. *See Rodriguez v. United States,* 703 F.Supp.2d 280 (S.D.N.Y.2010). Nor may he proceed pursuant to 28 U.S.C. § 2255(h). In its denial of Rodriguez's motion for leave to file the instant motion, the Second Circuit ruled that Rodriguez "is not entitled to relief as he has identified no new rule of constitutional law that supports his claim, and submits evidence that is insufficient to meet the requirements of § 2255(h)." Amended Order, *Rodriguez v. United States,* No. 12–4026 (2d Cir. Nov. 13, 2012), Dkt. No. 19.

In conclusion, as a result of the Second Circuit's denial of Rodriguez's motion for leave to file, this Court is precluded from considering the instant motion.

### III. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the motion (Dkt. No. 1) of Heriberto Rodriguez to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED.**

The Clerk of Court is directed to terminate any open motions and to close the case.

**SO ORDERED.**