Heriberto **RODRIGUEZ**, Petitioner,

v.

**UNITED STATES of America,** Respondent.

04 Cr. 0793
09 Civ. 6501

United States District Court, S.D. New York.

Signed February 16, 2016

Chris Garcia, U.S. Attorney's Office, New York, NY, for Respondent.

Sean Hecker, Federal Defender Division Legal Aid Society, New York, NY, for Petitioner.

### DECISION AND ORDER

VICTOR MARRERO, United States District Judge.

By Decision and Order dated January 27, 2010 ("January 27 Order"), the Court denied the motion of defendant Heriberto Rodriguez ("Rodriguez") for an order to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. Section 2255 ("Section 2255"). (Dkt. No. 80.) Rodriguez filed the instant motion ("Motion") on October 27, 2015 seeking to vacate and set aside the January 27 Order pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure ("Rule 60(b)(4)"). (Dkt. No. 101.) Rodriguez argues that the Court's January 27 Order is void pursuant to Rule 60(b)(4) because the Court violated due process by denying Rodriguez "his meaningful opportunity to be heard." (*Id.* at 1.) Rodriguez also requests that the Court permit discovery, appoint counsel, and set an evidentiary hearing to discuss the Motion. (*Id.* at 23.) For the reasons discussed below, Rodriguez's Motion is DENIED.

### I. BACKGROUND

On February 15, 2006, Rodriguez pled guilty pursuant to a plea agreement to one count of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. Section 922(g)(1); two counts of conspiracy to commit robbery, in violation of 18 U.S.C. Section 1951; and one count of using, possessing, and discharging a firearm in furtherance of a robbery, in violation of 18 U.S.C. Section 924(c)(1)(A)(iii) and (2) ("Section 924(c)"). (*See* Dkt. Minute Entries for Feb. 15, 2006.) The stipulated sentencing range under the Sentencing Guidelines (the "Guidelines") was 217 to 241 months' imprisonment, which included a mandatory consecutive sentence of 120 months in connection with the violation of Section 924(c). On May 19, 2006, the Court sentenced Rodriguez to a total of 235 months of imprisonment for all counts combined, to

be followed by a term of five years supervised release. (Dkt. No. 48.) This sentence fell below the Guidelines' range of 241 to 271 months calculated by the range stipulated in the plea agreement.

Rodriguez appealed to the Court of Appeals for the Second Circuit ("Second Circuit"). He argued that the Court improperly calculated the base offense level for the felonin-possession charge under Guideline § 2A4.1, which applies to offenses involving "unlawful restraint." Rodriguez argued that doing so was procedural error because he was not convicted of any crime involving unlawful restraint, and the record does not support the application of that Guideline. *See United States v. Rodriguez,* 270 Fed.Appx. 28, 29 (2d Cir.2008). Rodriguez also contended that the sentence of 235 months was substantively unreasonable. *Id.* at 29–30.

The Second Circuit rejected Rodriguez's appeal, *id.* at 30, and the United States Supreme Court denied his petition for certiorari, *Rodriguez v. United States,* 555 U.S. 869, 129 S.Ct. 165, 172 L.Ed.2d 119 (2008).

Rodriguez then moved in this Court to vacate, set aside, or correct his sentence pursuant to Section 2255. The motion argued, among other things, that Rodriguez's counsel was ineffective for failing to raise the unlawful restraint issue. *See Rodriguez v. United States,* 703 F.Supp.2d 280, 282 (S.D.N.Y.2010). The Court rejected Rodriguez's arguments and denied his motion. *Id.* at 281–82. Rodriguez moved in the Second Circuit for a certificate of appealability and for an extension of time to move for such a certificate. The Second Circuit denied these motions and dismissed Rodriguez's appeal. (No. 09 Civ. 6501, Dkt. No. 18.)

Rodriguez subsequently obtained a "Certificate of Disposition" from the state court, confirming that his 2004 indictment charging him with unlawful restraint had indeed been dismissed by the state court prior to his sentencing in this action on May 19, 2006. (*See* No. 09 Civ. 6501, Dkt. No. 19.) He then filed with the Second Circuit a motion for leave to file another Section 2255 petition challenging his sentence. The Second Circuit denied his motion, noting that Rodriguez's challenge did not meet the requirements of Section 2255(h). (*Id.*)

Rodriguez then filed another motion in this Court to vacate, set aside, or correct his sentence pursuant to Section 2255. The Court found that it was precluded from considering the motion as a result of the Second Circuit's denial of Rodriguez's motion for leave to file and therefore denied the motion. *Rodriguez v. United States,* 959 F.Supp.2d 521, 523 (S.D.N.Y. 2013).

On October 27, 2015, Rodriguez filed the instant Motion requesting relief from the January 27 Order pursuant to Rule 60(b)(4). (Dkt. No. 101.) Specifically, Rodriguez alleges that the Section 2255 proceedings were "procedurally flawed because the Court declined to grant [Rodriguez] an evidentiary hearing and the appointment of counsel, which, in turn, prevented him from developing the essential evidence necessary to prove his claims." (*Id.* at 1.) The government responded by letter dated January 29, 2016 and argued that the Motion should be regarded as a successive Section 2255 petition and should therefore be denied or transferred to the Second Circuit for disposition. (Dkt. No. 104.)

## II. STANDARD OF REVIEW

 Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)") enumerates the reasons for which a court may relieve a party from a final judgment. *See*

Fed.R.Civ.P. 60(b). Rule 60(b) provides an equitable remedy that "preserves a balance between serving the ends of justice and ensuring that litigation reaches an end within a finite period of time." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1144 (2d Cir.1994) (internal citation and quotation marks omitted). As an equitable remedy, Rule 60(b) "confers broad discretion on the trial court to grant relief when appropriate to accomplish justice [and] it constitutes a grand reservoir of equitable power to do justice in a particular case." *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir.1986) (internal citations and quotation marks omitted).

Rodriguez brings the instant motion under Rule 60(b)(4), which provides that a court may relieve a party from a final judgment, order, or proceeding when "the judgment is void." Fed.R.Civ.P. 60(b)(4). A judgment is not void "simply because it is or may have been erroneous." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010) (internal quotation marks omitted). Rather, "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271, 130 S.Ct. 1367; *see also Grace v. Bank Leumi Trust Co. of NY*, 443 F.3d 180, 193 (2d Cir.2006) ("A judgment is void under Rule 60(b)(4) of the Federal Rules of Civil Procedure only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.") (internal quotation marks omitted).

Although Rule 60(b) does apply in Section 2255 proceedings, *see Gonzalez v. Crosby*, 545 U.S. 524, 529, 534, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), "relief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004). To determine whether the Rule 60(b) motion is challenging the integrity of the previous Section 2255 proceeding as opposed to attacking the underlying conviction or sentence, the Supreme Court focused on whether the Rule 60(b) motion advances a claim. A motion brings one or more claims "if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Gonzalez*, 545 U.S. at 532, 125 S.Ct. 2641.

If the Rule 60(b) motion contains one or more "claims," *see* 28 U.S.C. Section 2244(b), it is not properly a Rule 60(b) motion and should instead be treated as a successive Section 2255 petition. *See Gonzalez*, 545 U.S. at 530, 125 S.Ct. 2641 ("[I]t is clear that for purposes of [Section] 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims.' "); *id.* at 531, 125 S.Ct. 2641 ("Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly. We think those holdings are correct. A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute.") (internal citations omitted).

If the court determines that a Rule 60(b) motion actually asserts claims of error in the underlying conviction or sentence and is therefore a successive Section 2255 petition, the court has two procedural options: "(i) the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition, in which case it should be transferred to [the Second Circuit] for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).'" *Harris*, 367 F.3d at 82.

## III. *DISCUSSION*

Rodriguez argues that the January 27 Order is void because the Court failed to "provide the necessary procedures and facilities for an adequate inquiry" including discovery, appointment of counsel, and an evidentiary hearing. (Dkt. No. 101 at 12.) Had the Court done so, Rodriguez claims that "he would have established essential circumstances supporting the following five ultimate factual conclusions, which can reasonably be expected to alter the outcome of his [Section] 2255 ineffectiveness claim." (*Id.*) Namely, Rodriguez states that he would have been able to demonstrate the following: (1) the Pre–Sentence Report ("PSR") "contained materially false information concerning the purported unlawful restraint" of Rodriguez's girlfriend prior to his arrest; (2) Rodriguez's counsel failed to conduct a "reasonable and proper factual investigation" that prevented counsel from challenging the discussion and use of the Guidelines related to unlawful restraint; (3) had the unlawful restraint Guideline not applied, Rodriguez's base offense level would have been lower; (4) with a lower offense level, the applicable Guidelines' range would have been 166–177 months; and (5) counsel's failure to challenge the use of the Guidelines pertaining to unlawful restraint in the district court "both waived the claim on appeal [ ] and subjected it to a substantially higher plain error standard of review." (*Id.* at 12–14.) Rodriguez states that the factual conclusions mentioned above would have been supported by various pieces of evidence including documents and testimony that could have been submitted during an evidentiary hearing. (*Id.* at 14.)

Although Rodriguez contends that he is challenging the integrity of the Section 2255 proceedings based on the Court's alleged failure to provide him with discovery, appointment of counsel, and an evidentiary hearing, the Court is unpersuaded by this argument.

First, the Court is not obligated to provide Rodriguez with discovery or an evidentiary hearing because his Section 2255 petition failed to state a viable claim for relief. *See, e.g., Ocasio v. United States*, No. 08 Civ. 1305, 2014 WL 1877668, at *3 (S.D.N.Y. May 8, 2014) ("[W]here a district court has 'all the relevant facts to evaluate [Petitioner]'s petition,' it may 'deny[ ] his petition, as a matter of law, without holding an evidentiary hearing.'") (*citing Reilly v. Morton*, 213 F.3d 626 (2d Cir.2000) (unpublished opinion)); *Abad v. United States*, No. 09 Civ. 8985, 2014 WL 521541, at *1 (S.D.N.Y. Feb. 6, 2014) (In discussing the petitioner's claim that the court failed to hold an evidentiary hearing or require the submission of affidavits, the court found that "[t]he facts as alleged by Petitioner in his habeas petition fail to state any viable claim for relief. Therefore, no further evidentiary inquiry was necessary prior to denial.").

Second, petitioners are not entitled to appointment of counsel for Section

2255 proceedings.[1] *See Harris,* 367 F.3d at 77 ("[A] habeas petitioner has no constitutional right to counsel in his habeas proceeding[.]"); *Llanos v. Goord,* No. 06 Civ. 0261, 2006 WL 563309, at *1 (S.D.N.Y. Mar. 9, 2006) ("There is no constitutional right to representation by counsel in habeas corpus proceedings.").

Third, and most importantly, Rodriguez's claim that the Court violated due process by failing to allow for discovery, an evidentiary hearing, and the appointment of counsel, is disingenuous. Rodriguez is not actually challenging the integrity of the Section 2255 proceeding. Rather, Rodriguez is actually attacking his underlying sentence by arguing that had the Court provided him with counsel, discovery, and an evidentiary hearing, five ultimate factual conclusions would have been reached. Rodriguez has raised this argument several times previously in connection with: (1) Rodriguez's direct appeal of the conviction, *Rodriguez,* 270 Fed.Appx. 28; (2) original Section 2255 petition, *Rodriguez,* 703 F.Supp.2d 280; (3) appeal to the Second Circuit of dismissal of the Section 2255 petition (No. 09 Civ. 6501, Dkt. No. 18); (4) motion to the Second Circuit for leave to file successive Section 2255 petition (No. 09 Civ. 6501, Dkt. No. 19); and (5) successive Section 2255 petition to this Court, *Rodriguez,* 959 F.Supp.2d 521. Since these arguments have been raised already, they are fundamentally a challenge to Rodriguez's underlying conviction and sentence, rather than an attack on the integrity of the Section 2255 proceedings as required under Rule 60(b). *See Harris,* 367 F.3d at 77. Therefore, under the framework set out in *Gonzalez,* because these allegations represent a claim that attacks this Court's "previous resolution of a claim on the merits," 545 U.S. at 532, 125 S.Ct. 2641, this motion is correctly characterized as a successive Section 2255 petition as opposed to a Rule 60(b) motion. The Court therefore denies the Motion as beyond the scope of Rule 60(b).

## IV. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion of defendant Heriberto Rodriguez ("Rodriguez") pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure ("Rule 60(b)(4)") seeking to vacate and set aside the January 27, 2010 order denying Rodriguez's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. Section 2255 (Dkt. No. 101) is **DENIED;** and it is further

**ORDERED** that Rodriguez's request for an evidentiary hearing, discovery, and the appointment of counsel (Dkt. No. 101) is **DENIED.**

**SO ORDERED.**

---

1. Rodriguez also requests the appointment of counsel for his current Motion. Since the Court denied his previous Section 2255 petition and is denying his Rule 60(b) motion, Rodriguez has not demonstrated a need for appointed counsel. *See, e.g., Lorenzana v. United States,* No. 11 Civ. 6153, 2013 WL 4400526, at *4 (S.D.N.Y. Aug. 15, 2013) ("The Court rejected his initial application and has now rejected his motion to amend his application and his motions to reconsider or vacate the Court's judgment. Accordingly, [Petitioner] has not shown a need for appointed counsel.").