

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-5-2009

# USA v. Platts

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2911

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Platts" (2009). *2009 Decisions.* Paper 1226.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1226

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2911
_____

UNITED STATES OF AMERICA

v.

JAMES C. PLATTS,

Appellant.

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D. C. No. 07-cr-021)
District Judge:  Honorable Donetta Ambrose
_____

Submitted Under Third Circuit LAR 34.1(a)
May 20, 2009

Before:   FUENTES, JORDAN, and NYGAARD, *Circuit Judges*.

(Filed: June 5, 2009)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

James C. Platts appeals from the Judgment of Conviction entered against him by

the United States District Court for the Western District of Pennsylvania.  He argues that

his conviction on five counts of attempted tax evasion is not supported by sufficient evidence. For the reasons that follow, we will affirm.

## I.    Background

Because we write solely for the parties, who are familiar with the factual background of this case, we recite only those facts necessary to our disposition. On January 16, 2007, a grand jury in the Western District of Pennsylvania indicted Platts on five counts of attempted tax evasion, in violation of 26 U.S.C. § 7201. Count One of the indictment charged Platts with attempting to evade payment of his personal income taxes, and Counts Two through Five charged him, in his capacity as sole shareholder and president of Pinnacle Building Company ("Pinnacle"), with the company's attempted evasion of its tax obligations under the Federal Insurance Contribution Act and for its employee wage withholdings for the first, third, and fourth quarters of 1998 and the first quarter of 1999.[1]

Platts's trial commenced on March 17, 2008. The government proffered testimony from Internal Revenue Service ("IRS") investigators and corresponding documentary evidence that Pinnacle had underpaid its withholding taxes in 1998 and 1999, that Platts (who, by establishing Pinnacle's inability to pay its back taxes and by virtue of his status as the company's sole shareholder, had assumed its tax burden) had under-represented his

---

[1]Each of Counts Two through Five charged Platts with attempted tax evasion during a separate quarter of 1998 or 1999.

personal assets, and that Platts had mischaracterized salary from Pinnacle as a loan repayment from Pinnacle on his 1999 personal income tax forms. The government also provided testimony from Pinnacle's bookkeeper, along with corresponding documentary evidence, that Platts had instructed her to omit his salary for the first quarter of 1999 from Pinnacle's tax documentation.

Platts testified on his own behalf. He contended that he had been unaware that Pinnacle was delinquent on its withholding taxes until the IRS contacted him and that, once he learned of the deficiency, he attempted to cooperate fully with investigators. He also claimed the testimony of Pinnacle's bookkeeper had not been truthful.

On March 20, 2008, the jury found Platts guilty on all five counts. He was sentenced, on June 17, 2008, to concurrent terms of 30 months' imprisonment. The District Court entered judgment on June 27, and Platts filed a timely notice of appeal.

## II. Discussion[2]

Platts's sole argument on appeal is that his conviction is not supported by sufficient evidence. Because he did not preserve that challenge by making a timely motion for judgment of acquittal at the close of evidence or by filing a post-trial motion for acquittal under Fed. R. Crim. P. 29(c), we review the sufficiency of the evidence for plain error. *United States v. Miller*, 527 F.3d 54, 62 (3d Cir. 2008). "In conducting plain

---

[2]The District Court had jurisdiction over this matter pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

3

error review, we 'view the evidence in the light most favorable to the government and must sustain a jury's verdict if a reasonable jury believing the government's evidence could find beyond a reasonable doubt that the government proved all the elements of the offenses.'" *United States v. Mornan*, 413 F.3d 372, 382 (3d Cir. 2005) (quoting *United States v. Rosario*, 118 F.3d 160, 163 (3d Cir. 1997)).

The elements of attempted tax evasion under 26 U.S.C. § 7201 are: (1) the existence of a tax deficiency, (2) an affirmative act constituting an attempt to evade or defeat payment of the tax, and (3) willfulness. *United States v. McGill*, 964 F.2d 222, 229 (3d Cir. 1992). When subjected to plain error review, the evidence against Platts is sufficient to establish all three elements on each count.

Indeed, Platts's conviction finds ample support in the record. As to Count One, which charged Platts with personal tax evasion, a reasonable jury could conclude that he was responsible for a tax deficiency from the combination of his 1999 tax return, which shows a loan repayment but no salary from Pinnacle and claims a capital loss deduction based on the loan; the IRS's examination of Pinnacle's corporate tax returns from the 1990s, which reflected that Pinnacle had repaid its loan from Platts long before 1999; and IRS Agent Whitmore's testimony that, based on the mischaracterized income from Pinnacle and the unsubstantiated capital loss deduction, Platts's tax liability for 1999 was greater than what he paid. A reasonable jury certainly could find an affirmative act and willfulness, based on the testimony and corresponding emails indicating that Platts

4

recruited Pinnacle's bookkeeper to make the company's tax documentation reflect that Platts did not receive a salary in the first quarter of 1999. *See United States v. McKee*, 506 F.3d 225, 236-37 (3d Cir. 2007) (citing *Swallow v. United States*, 307 F.2d 81, 83 (10th Cir. 1962)).

As to Counts Two through Five, which charged Platts with attempting to evade tax payments owed by Pinnacle, the government and Platts agreed that a deficiency existed. Specifically, testimony from both sides established that Pinnacle was deficient in paying its withholding taxes throughout 1998 and in the first quarter of 1999.[3] In response to an IRS investigation, Platts provided paperwork establishing that Pinnacle was unable to pay the outstanding balance; thus, the deficiency fell on Platts, who, as the company's sole shareholder and president, and pursuant to 26 U.S.C. § 6672, was responsible for the taxes due. *See Quattrone Accountants, Inc. v. IRS*, 895 F.2d 921, 927 (3d Cir. 1990) ("Section 6672 imposes liability on '[a]ny person required to collect, truthfully account for, and pay over' taxes who willfully fails to do so. ... Thus, under Section 6672, Philip Quattrone's liability to the IRS is entirely separate and distinct from debtor's liability to the IRS under Section 6672, even though such potential liability stems from the same withholding taxes."). Platts, however, under-represented his assets. At trial, the government offered testimony from IRS investigators and corresponding documentation

---

[3]While the parties disagreed about how much Pinnacle owed, there was no dispute that a substantial deficiency existed.

demonstrating that Platts failed to disclose income from other business ventures, the true value of his home, and a mortgage receivable that he had obtained, among other assets. From that evidence, a reasonable jury could conclude that Platts affirmatively and willfully attempted to evade his tax obligations on Counts Two through Five.

## III. Conclusion

Because the evidence, viewed in the light most favorable to the government, was sufficient for a reasonable jury to conclude that Platts is, beyond a reasonable doubt, guilty of the charged offenses, we will affirm his conviction on all counts of the indictment.