CLD-443                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 13-3308 & 13-3311
_____

IN RE:  JAMES C. PLATTS,
                                                                        Petitioner

_____

On Petitions for Writs of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Crim. Nos. 2-10-cr-00176-001 & 2-07-cr-00021-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 3, 2013
Before:  RENDELL, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: October 17, 2013)
_____

OPINION
_____

PER CURIAM

        James C. Platts has filed petitions for writs of mandamus seeking to disqualify the

District Judges presiding over his criminal cases from hearing any future collateral

challenges.  We will deny the petitions.

        In W.D. Pa. Crim. No. 2-07-cr-00021-001, a jury found Platts guilty of income tax

evasion and nonpayment and the District Court sentenced him to 60 months of

imprisonment.  We affirmed.  (C.A. No. 08-2911.)  Platts later filed a motion for relief

from the judgment under 28 U.S.C. § 2255.  The District Court denied it, and we denied a

certificate of appealability. (C.A. No. 10-1438.) Platts then filed two applications under 28 U.S.C. § 2244 to authorize the District Court to consider another § 2255 motion. We denied those applications as well. (C.A. Nos. 12-3870 & 13-1120.)

In W.D. Pa. Crim. No. 2-10-cr-00176-001, Platts pleaded guilty to multiple counts of mail fraud, money laundering and conspiracy, and the District Court sentenced him to 46 months of imprisonment. Although Platts waived his appellate and collateral challenge rights in his Plea Agreement, he appealed. We granted the Government's motion to enforce the appellate waiver and affirmed on that basis. (C.A. No. 12-2327.)

Platts then filed in both cases motions to disqualify the presiding District Judge from hearing any further collateral challenges, and he requested that the motions be assigned to a different District Judge. In each case, the motion was properly assigned to the presiding District Judge, who then denied it. Platts now seeks the same relief in his mandamus petitions, arguing that the judges' many alleged errors give rise to an appearance of partiality under 28 U.S.C. § 455(a).

Mandamus is an extraordinary remedy that we have the discretion to grant only if the petitioner has, inter alia, a "clear and indisputable" right to relief. In re Baldwin, 700 F.3d 122, 127 (3d Cir. 2012) (quotation marks omitted). Platts has shown no such right in these cases. In the first place, his requests are premature because there are no pending collateral challenges from which the District Judges might be disqualified. And with respect to Platts's 2007 criminal case, there should be no more collateral challenges absent qualifying new facts or new law and our authorization under § 2244 to file a

2

second or successive § 2255 motion. Platts has unsuccessfully sought that relief twice, and his repeated reliance on claims we already have rejected makes no colorable showing of bias in any event.

As for Platt's 2010 criminal case, it appears that he has not filed a § 2255 motion. Platts argues that any such motion should be assigned to a different District Judge because "[n]o judge shall hear or determine an appeal from the decision of a case or issue tried by him." 28 U.S.C. § 47. A § 2255 motion is not an "appeal," however, and such motions generally are referred "to the judge who conducted the trial and imposed sentence[.]" Rule 4(a), Rules Governing § 2255 Proceedings, 28 U.S.C. foll. § 2255.

Platts further argues that assignment to a different judge is required because the District Judge violated his due process rights in some 27 ways and committed various errors during his plea colloquy and at sentencing. We have already rejected some of these arguments in enforcing Platts's waiver of his appellate rights. The others consist of conclusory assertions that might state potential grounds for relief under § 2255—if properly supported, and if Platts could overcome his waiver of his collateral challenge rights—but that do not make any colorable showing of bias. We express no opinion on the merits of these potential § 2255 claims or on whether Platts can overcome the waiver of his collateral challenge rights, though we note that our enforcement of the waiver of his appellate rights might bear on that second issue.

For these reasons, Platts's petitions will be denied.