CLD-154                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4508
_____

IN RE:  JAMES C. PLATTS,
                                                    Petitioner

_____

On Petition for a Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Crim. No. 2-07-cr-00021-001)
District Judge: Donetta W. Ambrose

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 16, 2014
Before: FUENTES, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: January 24, 2014)
_____

OPINION
_____

PER CURIAM

A federal jury found James C. Platts guilty of income tax evasion and

nonpayment, and the District Court sentenced him to 60 months of imprisonment.  We

affirmed.  (C.A. No. 08-2911.)  Since then, Platts has filed four proceedings in this Court

seeking to challenge his judgment.  The mandamus petition at issue here represents

Platts's fifth attempt, and it relies on an argument that we already have rejected, in one

form or another, six times.

1

Platts initially challenged his judgment pro se in a motion under 28 U.S.C. § 2255. The District Court denied the motion, and we denied a certificate of appealability. (C.A. No. 10-1438.) Platts later filed an amended § 2255 motion with the District Court, in which he claimed that the Government "withheld" some 40,000 documents (apparently his own personal and business records, the Government's seizure of which he must have been aware of when he filed his initial § 2255 motion) in violation of Brady v. Maryland, 373 U.S. 83 (1963). He also argued that his amendment should be permitted because the District Court did not warn him of the consequences of proceeding with his initial § 2255 motion as purportedly required by Castro v. United States, 540 U.S. 375 (2003).[1] The District Court rejected Platts's Castro argument, in part on the basis of Pliler and Perry, and denied his motion. Platts did not appeal.

Instead, he later filed two applications under 28 U.S.C. § 2244 seeking authorization to raise his Brady claim in the District Court and raising his Castro argument as well. (C.A. Nos. 12-3870 & 13-1120.) We denied each application, and in our order denying the second one we reminded Platts that "'[t]he grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of

---

[1] In Castro, the Supreme Court held that district courts must advise pro se litigants of the restrictions on second or successive § 2255 motions and permit them to file one, all-inclusive § 2255 motion before recharacterizing as a § 2255 motion a document captioned as something else. See Castro, 540 U.S. at 383-84. Platts expressly captioned his § 2255 motion as a § 2255 motion, so Castro does not apply to him. This Court previously required a similar procedure before ruling on pro se § 2255 motions denominated as such. See United States v. Miller, 197 F.3d 644, 652 (3d Cir. 2005). Miller, however, may have been abrogated to that extent by Castro and Pliler v. Ford, 542 U.S. 225 (2004). See also Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (addressing the scope of courts' duty to assist pro se litigants, noting the limited scope of Castro without mentioning Miller, and explaining that, under Pliler, "notice is the exception" and "[n]onassistance is the rule"). We do not reach that issue in this case, however, because it is not properly before us for the reasons explained below.

2

certiorari.'" (C.A. No. 13-1120, Mar. 7, 2013 Order) (quoting 28 U.S.C. § 2244(b)(3)(E)).  Despite that provision, Platts moved for rehearing in each proceeding raising his Castro argument again, and we denied those motions as well.

Platts later filed a mandamus petition arguing that the District Judge, by "ignoring" his amended § 2255 motion in purported violation of Castro, exhibited bias that required the District Judge's disqualification from hearing any future collateral challenges.  We denied that petition, in part because no such challenge was pending, and we explained that "there should be no more collateral challenges absent qualifying new facts or new law and our authorization under § 2244 to file a second or successive § 2255 motion.  Platts has unsuccessfully sought that relief twice, and his repeated reliance on claims we already have rejected makes no colorable showing of bias in any event."  In re Platts, Nos. 13-3308 & 13-3311, 2013 WL 5647635, at *1 (3d Cir. Oct. 17, 2013).  Platts sought reconsideration, again raising his Castro argument, and we denied it.

Undeterred, Platts has now filed a mandamus petition once again seeking an order directing the District Court to permit him to raise his Brady claim in light of the court's purported violation of Castro.  Platts did not appeal the District Court's denial of his amended § 2255 motion containing his Brady claim and Castro argument in 2012, and "[m]andamus must not be used as a mere substitute for appeal."  In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) (quotation marks omitted).  Nor may mandamus be used as a substitute for rehearing or reconsideration, which are prohibited in the § 2244 context and which we already have denied in any event.

3

For these reasons, Platts's petition will be denied. Platts is cautioned that, if he persists in raising repetitive arguments, we may consider imposing appropriate sanctions, including an injunction against filing documents without prior leave of the Court.