BLD-234                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1410
_____

IN RE:  JAMES C. PLATTS,
                                             Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to D.C. Civil No. 2:10-cr-00176-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 24, 2014

Before:  AMBRO, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed: May 5, 2014 )

_____

OPINION
_____

PER CURIAM

        Pro se litigant James C. Platts asks us for a writ of mandamus directing the United

States District Court for the Western District of Pennsylvania to transfer his 18 U.S.C.

§ 3742 motion to this Court.  He also seeks a judgment of acquittal pursuant to Rule 29 of

the Federal Rules of Criminal Procedure.  For the following reasons, we will deny the

mandamus petition and motion for a judgment of acquittal.

In 2011, Platts pleaded guilty to multiple counts of mail fraud, money laundering and conspiracy and the District Court sentenced him to 46 months of imprisonment. Although Platts waived his appellate and collateral challenge rights in his plea agreement, he appealed. We granted the Government's motion to enforce the appellate waiver and summarily affirmed on that basis. See United States v. Platts, C.A. No. 12-2327 (order entered Jan. 11, 2013). Platts also filed a 28 U.S.C. § 2255 motion "to compel discovery" and a motion seeking the recusal of the District Court judge, both of which were denied by the District Court.

Platts then filed a motion to appeal his conviction and sentence pursuant to 18 U.S.C. § 3742. On December 2, 2013, the District Court construed it as a motion brought pursuant to § 2255 and ordered Platts to show cause why his motion should not be dismissed, regardless of how it was to be construed. Although Platts responded that he did not want his motion to be characterized as a § 2255 motion, he asserted that his conviction was not valid, that the Government had withheld exculpatory evidence from him, and that he had not agreed to the factual basis for his guilty plea. His § 3742 motion remains pending in the District Court, and he now seeks a writ of mandamus to compel the District Court to transfer his § 3742 motion to this Court as a notice of appeal.[1]

---

[1] Platts has filed three other mandamus petitions in connection with his conviction in D.C. No. 2:10-cr-00176-001. We denied the first, see In re Platts, 537 F. App'x 40, 41 (3d Cir. 2013), dismissed the second for failure to prosecute, see In re Platts, C.A. No. 13-4392 (order entered Jan. 9, 2014), and the third remains pending, see In re Platts, C.A. No. 14-1060.

A writ of mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Ct., 426 U.S. 394, 402 (1976). Within the discretion of the issuing court, mandamus traditionally may be "used . . . only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Id. (internal quotation marks omitted). A petitioner must show that he has "no other adequate means to attain the desired relief, and . . . [that his] right to the writ is clear and indisputable.'" See In re Patenaude, 210 F.3d 135, 141 (3d Cir. 2000) (citation omitted). Generally, a court's management of its docket is discretionary, In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and there is no "clear and indisputable" right to have a district court handle a case in a certain manner, see Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980). However, mandamus may be warranted when a district court's delay "is tantamount to a failure to exercise jurisdiction." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded on other grounds by 3d Cir. L.A.R. 24.1(c) (1997).

The delay complained of by Platts is not tantamount to a failure to exercise jurisdiction. Because only four months have passed since Platts responded to the District Court's order to show cause, the delay "does not yet rise to the level of a denial of due process." Id. (denying a mandamus petition where the district court had not ruled on petitioner's motion in four months). We are fully confident that the District Court will adjudicate Platts's § 3742 motion without undue delay.

3

To the extent that Platts seeks a judgment of acquittal, he may not use a mandamus petition as a substitute for the appeals process. See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006). Moreover, Platts has already pursued an appeal of his conviction, which we summarily affirmed on the basis of the appellate waiver provision in his plea agreement. While a motion pursuant to § 2255 is the presumptive means for Platts to challenge the validity of his conviction or sentence, see Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), we express no opinion regarding whether he can overcome the collateral attack waiver in his plea agreement.

Accordingly, we will deny the petition for a writ of mandamus and motion for judgment of acquittal.