CLD-295                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1180
_____

IN RE:  JAMES C. PLATTS,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to Cr. No. 2-07-cr-00021-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 3, 2014
Before:  FUENTES, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed )
_____

OPINION
_____

PER CURIAM

Pro se petitioner James Platts has filed a petition for writ of mandamus seeking to

challenge his criminal sentence.  We will deny the petition.

After a trial in the Western District of Pennsylvania, a jury found Platts guilty of

income-tax evasion and nonpayment, and the District Court sentenced him to 60 months'

imprisonment.  Platts appealed, and we affirmed the judgment.  See United States v.

Platts, 332 F. App'x 725 (3d Cir. 2009).  Platts next filed a motion for relief from the

judgment under 28 U.S.C. § 2255. The District Court denied that motion, and we refused to issue a certificate of appealability. See C.A. No. 10-1438. Platts has since filed two applications under 28 U.S.C. § 2244 to authorize the District Court to consider another § 2255 motion; we denied each of those applications. See C.A. Nos. 12-3870, 13-1120. Platts has now filed the instant mandamus petition, claiming that his 60-month sentence is unreasonably excessive and the product of improper calculations of the financial loss caused by his crimes.

Mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Court for N. Dist. of Cal., 426 U.S. 394, 402 (1976). To obtain mandamus relief, a petitioner must establish that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks, alteration omitted).

Here, Platts presents only claims that he could have presented on direct appeal. However, mandamus cannot be used as a substitute for an appeal. Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996). That is, a court will not issue a writ of mandamus where the petitioner "could readily have secured review of the ruling complained of and all objectives now sought, by direct appeal." Helstoski v. Meanor, 442 U.S. 500, 506 (1979). Thus, Platts is not entitled to mandamus relief.

Further, a § 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). Platts has previously filed a § 2255 motion, which the District Court denied. If Platts wishes to file a successive § 2255 motion, he must comply with the gatekeeping requirements prescribed by § 2255(h) and 28 U.S.C. § 2244. He may not use a mandamus petition to evade these requirements. Cf. Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009); United States v. Baptiste, 223 F.3d 188, 189-90 (3d Cir. 2000) (per curiam).

Accordingly, we will deny Platts's mandamus petition.