CLD-294                                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1017
_____

IN RE:  JAMES C. PLATTS,
                                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to Cr. No. 2-07-cr-00021-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 3, 2014
Before: FUENTES, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed:  July 11, 2014)
_____

OPINION
_____

PER CURIAM

Pro se petitioner James Platts has filed a petition for writ of mandamus seeking an

order compelling the District Court to grant his request for discovery under Rule 6 of the

Rules Governing 28 U.S.C. § 2255 Proceedings.  We will deny the petition.

After a trial in the Western District of Pennsylvania, a jury found Platts guilty of

income-tax evasion and nonpayment, and the District Court sentenced him to 60 months'

imprisonment.  Platts appealed, and we affirmed the judgment.  See United States v.

Platts, 332 F. App'x 725 (3d Cir. 2009).  Platts next filed a motion for relief from the

judgment under 28 U.S.C. § 2255. The District Court denied that motion, and we refused to issue a certificate of appealability. See C.A. No. 10-1438. Platts has since filed two applications under 28 U.S.C. § 2244 to authorize the District Court to consider another § 2255 motion; we denied each of those applications. See C.A. Nos. 12-3870, 13-1120.

Platts has now filed the instant petition for mandamus, contending that he should be permitted to take discovery in support of his claims that the government withheld exculpatory evidence in violation of its obligations under Brady v. Maryland, 373 U.S. 83 (1963). However, Platts raised these Brady claims, and requested the attendant discovery, in his initial § 2255 action. The District Court denied the § 2255 motion and the request for discovery. Platts may not use a mandamus action to appeal those unfavorable rulings — or to seek reconsideration of our subsequent order denying a certificate of appealability. See Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996); see also Helstoski v. Meanor, 442 U.S. 500, 506 (1979) (a court will not issue a writ of mandamus where the petitioner "could readily have secured review of the ruling complained of and all objectives now sought, by direct appeal"). Thus, Platts is not entitled to mandamus relief.

Further, the Court will issue a writ of mandamus only if Platts can show a "clear and undisputable" right to the discovery he seeks. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980) (per curiam) (quotation marks omitted). He cannot make that showing. As an initial matter, because Platts does not have a pending § 2255 action in the District Court, it is far from clear that he is permitted under Rule 6 to obtain any discovery whatsoever. See Calderon v. U.S. Dist. Court for N. Dist. of Cal., 98 F.3d

2

1102, 1106 (9th Cir. 1996) (holding that no discovery is permissible in similar circumstances).  Moreover, the right to discovery in a § 2255 case depends on whether the defendant can provide "reason to believe that [he] may, if the facts are fully developed, be able to demonstrate that he is entitled to relief."  Bracy v. Gramley, 520 U.S. 899, 908-09 (1997) (quotation marks, alteration omitted).  Given that Platts seeks discovery to advance the same Brady claims that he presented (without success) in his initial § 2255 motion, he cannot establish that he has a clear and undisputable right to relief.  See Gallagher v. United States, 711 F.3d 315, 315 (2d Cir. 2013) ("We must dismiss a claim that was presented in a prior motion under § 2255.").

Accordingly, we will deny Platts's mandamus petition.  We also deny the motion to compel that Platts filed in this Court.