**ALD-364**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3482
_____

IN RE:  JAMES C. PLATTS,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Crim. No. 2:10-cr-00176-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 11, 2014

Before:   RENDELL, FISHER and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 8, 2014 )

_____

OPINION
_____

PER CURIAM

Pro <u>se</u> petitioner James Platts has filed a petition for writ of mandamus seeking to appeal what he describes as an "unrecorded conviction and unlawful sentence" and to compel the District Court to rule on one of his many pending motions.  We will deny the petition.

In October 2011, Platts pleaded guilty to multiple counts of mail fraud, money laundering, and conspiracy, and the District Court sentenced him to 46 months of imprisonment. Although Platts waived his appellate and collateral challenge rights in his plea agreement, he appealed. We granted the Government's motion to enforce the appellate waiver and summarily affirmed on that basis. See United States v. Platts, C.A. No. 12-2327 (order entered Jan. 11, 2013). Since then, Platts has filed a steady stream of post-conviction type motions in the District Court.

At issue in this case is Platts' motion to "appeal" his conviction and sentence pursuant to 18 U.S.C. § 3742. In an order entered on December 2, 2013, the District Court construed that motion as one brought pursuant to 28 U.S.C. § 2255 and ordered Platts to show cause why his motion should not be dismissed, regardless of how he elected to have it construed. Platts objected to the District Court's characterization of his § 3742 motion as one filed pursuant to § 2255. Additionally, because the District Court did not rule on the motion as quickly as Platts would have liked, he then sought a writ of mandamus to compel the District Court to transfer his § 3742 motion to this Court. We denied Platts' petition in a non-precedential decision issued on May 5, 2014. See C.A. No. 14-1410.

In our per curiam opinion, we admonished Platts that he may not use a mandamus petition as a substitute for the appeals process, see In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006), and noted that he had already pursued an appeal of his conviction. While expressing no opinion regarding whether Platts can overcome the collateral attack waiver

2

in his plea agreement, we further stated that a § 2255 motion is the presumptive means to challenge the validity of a conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Finally, we concluded that the four-month delay Platts complained of did not warrant mandamus relief. We denied Platts' request for reconsideration on June 5, 2014. A little more than two months later, Platts returned with the instant petition.

We need not spend much time disposing of Platts' repetitive attempt to appeal his conviction and sentence through a mandamus petition as we addressed that issue in C.A. No. 14-1410. We likewise need not advise Platts at length, yet again, that § 2255 is the presumptive means to lodge a challenge to his conviction and sentence as it appears he has recently filed not one, but two, § 2255 motions in the District Court. Finally, we do not hesitate to conclude for a second time that the delay Platts has experienced thus far does not warrant mandamus relief.

As Platts has been advised time and time again, mandamus is an extraordinary remedy. See Kerr v. United States Dist. Ct., 426 U.S. 394, 402 (1976). To obtain mandamus relief, a petitioner must establish that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks, alteration omitted). Furthermore, a court's management of its docket is discretionary, In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and there is no "clear and

3

indisputable" right to have a district court handle a case in a certain manner. See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980).

While mandamus may be warranted when a district court's delay "is tantamount to a failure to exercise jurisdiction," Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded on other grounds by 3d Cir. L.A.R. 24.1(c) (1997), we cannot conclude, under the circumstances presented here, that the delay complained of by Platts has risen to the level of a due process violation. Id. This is especially so given Platts' unrelenting deluge of post-conviction and post-sentencing motions. We are fully confident that the District Court will adjudicate Platts' motion without undue delay. Platts is advised that it may well be to his benefit to discontinue his current filing habits and afford the District Court the opportunity to dispose of the motions currently pending. Given the foregoing, the petition will be denied.

This Court itself has not escaped Platts' filing tendencies. Platts has filed fourteen other mandamus petitions in connection with his conviction in W.D. Pa. Crim. No. 2:10-cr-00176-001. See In re Platts, C.A. Nos. 13-3308, 13-4392, 14-1060, 14-1410, 14-2843, 14-2844, 14-2845, 14-2846, 14-2847, 14-3226, 14-3286, 14-3480, 14-3481, and 14-3576. Platts is cautioned that, if he persists in filing mandamus petitions whereby he seeks appellate review of a criminal conviction and/or sentence, we may consider imposing appropriate sanctions, including an injunction against filing documents without prior leave of the Court.