**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3576
_____

IN RE:  JAMES C. PLATTS,
                                              Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Crim. No. 2:10-cr-00176-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 30, 2014
Before:  FUENTES, GREENAWAY, JR. and VANASKIE, <u>Circuit Judges</u>

(Opinion filed: November 13, 2014)

_____

OPINION*
_____


PER CURIAM

 <u>Pro</u> <u>se</u> petitioner James Platts has filed a petition for writ of mandamus seeking to

have this Court quash what he describes as an "unlawfully obtained indictment."  We will

deny the petition.

_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In October 2011, Platts pleaded guilty to multiple counts of mail fraud, money laundering, and conspiracy. The District Court sentenced him to 46 months of imprisonment. Although Platts waived his appellate and collateral challenge rights in his plea agreement, he appealed. We granted the Government's motion to enforce the appellate waiver and summarily affirmed on that basis. See United States v. Platts, C.A. No. 12-2327 (order entered Jan. 11, 2013). Since then, Platts has filed a steady stream of post-conviction motions in the District Court and mandamus petitions in this Court. In this mandamus petition, Platts claims that the indictment was unlawfully obtained "by federal employees by the misrepresentation of an invalid, incomplete and unauthorized form."

Mandamus is an extraordinary remedy. See Kerr v. United States Dist. Ct., 426 U.S. 394, 402 (1976). To obtain mandamus relief, a petitioner must establish that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks, alteration omitted).

We have admonished Platts on several occasions that he may not use a mandamus petition as a substitute for the appeals process, see In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006), and noted that he has already pursued an appeal of his conviction. See, e.g., In re Platts, C.A. No. 14-1410, 565 F. App'x 85, 87 (3d Cir. May 5, 2014). While expressing no opinion in that matter regarding whether Platts can overcome the collateral

2

attack waiver in his plea agreement, we explained that a motion filed pursuant to 28 U.S.C. § 2255 is the presumptive means to challenge the validity of a conviction or sentence.  See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  Platts thereafter filed a § 2255 motion in the District Court.  The District Court recently dismissed that motion and Platts has filed an appeal.  See C.A. No. 14-4128.  Platts will have an opportunity to challenge the District Court's disposition of his § 2255 motion in that appeal.

Accordingly, Platts is not entitled to mandamus relief, and we will deny this petition.