ALD-038                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 14-3575
_____

IN RE:  JAMES C. PLATTS,
                                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Crim. No. 2-07-cr-00021-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 14, 2014
Before:  RENDELL, CHAGARES and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 10, 2014 )

_____

O P I N I O N*
_____

PER CURIAM

     <u>Pro</u> <u>se</u> petitioner James Platts has filed a petition for a writ of mandamus seeking

to have this Court quash an indictment which he claims was improperly obtained, and to

vacate his conviction and sentence.  We will deny the petition.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

After a trial in the Western District of Pennsylvania, a jury found Platts guilty of income-tax evasion and nonpayment, and the District Court sentenced him to a term of imprisonment of sixty months. Platts appealed, and we affirmed the judgment. See United States v. Platts, 332 F. App'x 725 (3d Cir. 2009). Platts next filed a motion for relief from the judgment under 28 U.S.C. § 2255. The District Court denied that motion, and we determined that a certificate of appealability was not warranted. See C.A. No. 10-1438. Platts thereafter filed four applications under 28 U.S.C. § 2244 seeking authorization for the District Court to consider a second or successive § 2255 motion; we denied each of those applications. See C.A. Nos. 12-3870, 13-1120, 13-4311 and 13-4618. Platts has also filed no fewer than seven mandamus petitions related to the underlying criminal proceeding. In this mandamus petition, Platts claims that the indictment was unlawfully obtained "by misrepresentation and withheld evidence as a false declaration before a grand jury."

Mandamus is an extraordinary remedy. See Kerr v. United States Dist. Ct., 426 U.S. 394, 402 (1976). To obtain mandamus relief, a petitioner must establish that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks, alteration omitted).

Here, Platts presents claims that he could have presented on direct appeal. Mandamus cannot be used as a substitute for an appeal. Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996), superseded on other grounds by 3d Cir. L.A.R. 24.1(c) (1997). That is,

2

a court will not issue a writ of mandamus where the petitioner "could readily have secured review of the ruling complained of and all objectives now sought, by direct appeal." Helstoski v. Meanor, 442 U.S. 500, 506 (1979). Thus, Platts is not entitled to mandamus relief.

Further, as Platts is by now well aware, a § 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). As noted, Platts previously filed a § 2255 motion which the District Court denied. If Platts wishes to continue with a collateral challenge to his conviction or sentence by filing a second or successive § 2255 motion, he must once again comply with the gatekeeping requirements prescribed by § 2255(h) and 28 U.S.C. § 2244. He may not use a mandamus petition to evade these requirements. Cf. Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009); United States v. Baptiste, 223 F.3d 188, 189-90 (3d Cir. 2000) (per curiam). Platts is reminded of our admonition in his mandamus proceedings at C.A. Nos. 13-3308 and 13-3311, however, wherein we noted that "there should be no more collateral challenges absent *qualifying new facts or new law* and our authorization under § 2244 to file a second or successive § 2255 motion." In re Platts, 537 F. App'x 40 (3d Cir. Oct. 17, 2013)(emphasis added).

Accordingly, we will deny Platts' mandamus petition. We also take this opportunity to issue Platts a warning similar to the one we set out in In re Platts, C.A. No. 14-3482, 578 F. App'x 77 (3d Cir. Oct. 8, 2014), with respect to mandamus petitions filed in connection with his conviction in W.D. Pa. Crim. No. 2:10-cr-00176-001. Platts

3

is cautioned that, if he persists in filing mandamus petitions whereby he seeks appellate review of, or attempts to collaterally attack, his criminal conviction and/or sentence in W.D. Pa. Crim. No. 2:07-cr-00021-001, we may consider imposing appropriate sanctions, including an injunction against initiating mandamus actions or filing documents related to that criminal case without prior leave of the Court.