ALD-036 and ALD-037                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 14-3286 and 14-3481
_____

IN RE:  JAMES C. PLATTS,
                                                         Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Crim. No. 2:10-cr-00176-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 14, 2014
Before:  RENDELL, CHAGARES and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 10, 2014 )

_____

OPINION[*]
_____

PER CURIAM

    <u>Pro</u> <u>se</u> petitioner James Platts has filed petitions for writs of mandamus seeking to

correct what he claims is an "unreasonable" and "improperly" calculated criminal

sentence.  We will deny the petitions.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

1

In October 2011, Platts pleaded guilty to multiple counts of mail fraud, money laundering, and conspiracy. The District Court sentenced him to 46 months of imprisonment. The court also imposed upon Platts a special assessment of $600 and restitution in the amount of $80,145.95, for which he is jointly and severally liable with his co-defendants. Although Platts waived his appellate and collateral challenge rights in his plea agreement, he appealed. We granted the Government's motion to enforce the appellate waiver and summarily affirmed on that basis. See United States v. Platts, C.A. No. 12-2327 (order entered Jan. 11, 2013). Since then, Platts has filed a steady stream of post-conviction motions in the District Court and mandamus petitions in this Court. In the instant mandamus petitions, Platts contends that his sentence should be "substantially reduced" and that he should be released from confinement immediately because there was "no recorded conviction or guilty plea." Additionally, Platts asserts that all payments remitted thus far should be returned to him and that the order of restitution should be suspended.

Mandamus is an extraordinary remedy. See Kerr v. United States Dist. Ct., 426 U.S. 394, 402 (1976). To obtain mandamus relief, a petitioner must establish that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks, alteration omitted).

We have admonished Platts on several occasions that he may not use a mandamus petition as a substitute for the appeals process, see In re Briscoe, 448 F.3d 201, 212 (3d

2

Cir. 2006), and noted that he has already pursued an appeal of his conviction. See, e.g., In re Platts, C.A. No. 14-1410, 565 F. App'x 85, 87 (3d Cir. May 5, 2014). While expressing no opinion in that matter regarding whether Platts can overcome the collateral attack waiver in his plea agreement, we explained that a motion filed pursuant to 28 U.S.C. § 2255 is the presumptive means to challenge the validity of a conviction or sentence, see Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Id. Platts thereafter filed a § 2255 motion (more than one, actually) in the District Court. The District Court recently dismissed that motion and Platts has filed an appeal. See C.A. No. 14-4128. Platts will have an opportunity to challenge the District Court's disposition of his § 2255 motion in that appeal.

Accordingly, Platts is not entitled to mandamus relief, and we will deny these petitions. We remind Platts of the warning we issued to him in In re Platts, C.A. No. 14-3482, 578 F. App'x 77 (3d Cir. Oct. 8, 2014). "[I]f he persists in filing mandamus petitions whereby he seeks appellate review of a criminal conviction and/or sentence, we may consider imposing appropriate sanctions, including an injunction against filing documents without prior leave of the Court." Id. at 79.