**ALD-096 and ALD-097**                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 14-3225 & 14-3226
_____

IN RE:  JAMES C. PLATTS,
                                                              Petitioner
_____

On Petitions for Writs of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Crim. Nos. 2:07-cr-00021-001 & 2:10-cr-00176-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 30, 2015

Before: RENDELL, CHAGARES and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 10, 2015)

_____

O P I N I O N*
_____


**PER CURIAM**

James C. Platts has filed petitions for writ of mandamus seeking to have this Court

expunge his underlying convictions from the federal court dockets and from all public

records.  While we will grant Platts' motions seeking to reopen these mandamus

proceedings, we will deny the petitions.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In W.D. Pa. Crim. No. 07-cr-00021, a jury found Platts guilty of attempted income tax evasion and nonpayment, and the District Court sentenced him to concurrent thirty-month terms of imprisonment. We affirmed the judgment. See United States v. Platts, 332 F. App'x 725 (3d Cir. 2009). The District Court denied Platts' motion filed pursuant to 28 U.S.C. § 2255, and we determined that a certificate of appealability was not warranted. See C.A. No. 10-1438. We thereafter denied each of the four applications Platts filed under 28 U.S.C. § 2244 seeking authorization for the District Court to consider a second or successive § 2255 motion. See C.A. Nos. 12-3870, 13-1120, 13-4311 and 13-4618.

In W.D. Pa. Crim. No. 10-cr-00176, Platts pleaded guilty to multiple counts of mail fraud, money laundering and conspiracy, and the District Court sentenced him to a forty-six month term of imprisonment. Although Platts waived his appellate and collateral challenge rights as part of his plea agreement, he nonetheless appealed. We granted the Government's motion to enforce the appellate waiver and affirmed on that basis. See C.A. No. 12-2327.

Continuing with his relentless quest for relief, Platts has filed in this Court twenty-two petitions for writs of mandamus related to these two criminal convictions. In the overwhelming majority of those proceedings, Platts sought to challenge the validity of his convictions. These petitions are no different. Platts, in effect, seeks to have this Court exercise mandamus jurisdiction to declare his convictions invalid and direct that the convictions be expunged.

Mandamus, however, is an extraordinary remedy. See Kerr v. United States Dist.

2

Ct., 426 U.S. 394, 402 (1976). To obtain mandamus relief, a petitioner must establish that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks, alteration omitted). As Platts is by now well aware, he may not use a mandamus petition as a substitute for the appeals process. See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006). Platts has also been advised on numerous occasions that a motion filed pursuant to 28 U.S.C. § 2255 is the presumptive means to challenge the validity of a conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Accordingly, we do not hesitate to conclude that Platts has failed to demonstrate that he is entitled to mandamus relief, and we will deny these petitions without further discussion.

We are mindful of the admonitions that we provided Platts with respect to his persistent mandamus filings involving his criminal convictions and sentences at W.D. Pa. Crim. Nos. 2:07-cr-00021-001 and 2:10-cr-00176-001. See In re Platts, C.A. No. 14-3575, 2014 WL 6942182, at *2 (3d Cir. Dec. 10, 2014) (relating to W.D. Pa. Crim. No. 07-cr-00021); In re Platts, C.A. No. 14-3482, 578 F. App'x 77 (3d Cir. Oct. 8, 2014) (relating to W.D. Pa. Crim. No. 10-cr-00176). We once again warn Platts that, should he continue to file mandamus petitions that challenge these convictions or sentences, we will consider imposing appropriate sanctions, including an injunction against initiating mandamus actions or filing motions or documents related to those criminal cases without prior leave of the Court. We will refrain from doing so at this juncture since the petitions

3

before us now were filed prior to the issuance of our decisions in C.A. Nos. 14-3482 and 14-3575.

In light of the foregoing, Platts' petitions will be denied